J. W. MINGUS, RECEIVER, V. HELEN FLORENCE WADLEY ET AL.

No. 4377.     Decided June 16, 1926.

S. W.,

1.—Employers' Liability Act—Jurisdiction.

The rights and remedies given by the Employers' Liability Act are purely statutory; the statutory provisions as to both are mandatory and exclusive, and must be complied with in all respects; and such compliance is necessary to the exercise of jurisdiction by the first and all succeeding statutory agencies, including the county (that where the injury occurred) where suit to set aside the award must be brought, this provision being mandatory and jurisdictional. (Pp. 557, 558).

2.—Same—Enforcement of Award.

Under Rev. Stats., Art. 8307, Sec. 5a, suit to enforce the award when not complied with must be brought in the county where the injury occurred or in that where the claimants or one or more of them reside; and this venue provision is jurisdictional and exclusive, prohibiting bringing such suit elsewhere. (Pp. 559, 560).

3.—Same.

Under the statute suit to enforce the award of the Industrial Commission lies only when its final order has been rendered against the insurance association liable and such insurer has failed or refused to bring suit to set aside the award as provided in Sec. 5 of the statute. These requirements, treated as a whole, are necessary to give jurisdiction of such action, and must be alleged and proven in order to support it. Being statutory and special, there is no presumption in favor of the powers of any other court of general jurisdiction. (Pp. 560-562).

4.—Same.

Suit in the proper court to set aside an award of the Industrial Commission suspends such award, and its subject matter is thereby withdrawn from the Board and from all courts except the one in which the suit is brought. (P. 561).

5.—Same—Case Stated.

An award being rendered by the Industrial Commission in favor of claimants against an insurer under the Employers' Liability Act, the latter

brought suit to set it aside in the county where the injury occurred. While this was there pending, the claimants brought suit in a county other than that where the injury occurred and where none of the claimants resided, to enforce the award, and therein procured the appointment of a receiver of the property of the insurer, the State Commissioner of Insurance, as custodian of the insurer's guaranty fund, being made a party defendant. *Held,* that the court had no jurisdiction and the appointment was not within its power.   (Pp. 554-564).

**6.—Same—Pleading.**

The petition of claimants also failed to show jurisdiction in the court where suit was brought because it did not allege that the insurer had failed or refused to bring suit to set aside the award, that being a condition made necessary by the statute to be shown in order to entitle claimants to bring suit to enforce it. The allegation that the award was "not subject to any valid or consistent defense" was a mere legal conclusion of the pleader, and not a statement of these necessary facts.   (P. 564).

Questions certified to the Supreme Court by the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

*Saunders & Evans* and *Levy & Evans,* for appellant.

The District Court of Tarrant County, Texas, had no jurisdiction to hear and determine plaintiff's suit, because the case is not one upon which said court had the right to deliberate, in this, to-wit:   Plaintiff's suit is not one brought under Sec. 5, Part 2 of the Workmen's Compensation Act of the State of Texas, (Art. 5246-44 Vernon's Texas Civil Statutes, 1918 Supp.) to set aside a final ruling and decision of the Industrial Accident Board, nor is the suit one brought upon a final ruling and decision of said Industrial Accident Board in a case where the association (in this instance the Associated Employer's Reciprocal) has failed or refused to bring suit to set aside such final ruling and decision of said Board in accordance with Sec. 5, Part 2, of said Act; in consequence of which there was an entire want of power in the Sixty-Seventh District Court of Tarrant County, Texas, to grant or to deny either the plaintiff or the defendant any relief whatsoever concerning the matter set forth in plaintiff's petition, or to enter any order, judgment or decree save one of dismissal.   Condon v. Mutual Reserve Fund Life Association, 44 L. R. A., 149; Hermann v. Thomas, 143 S. W., 195; Continental Trust Co. v. Brown, 179 S. W., 939; Kokernot v. Roos, 189 S. W., 505; Alto Cotton Oil & Mfg. Co. v. Berryman, 218 S. W., 513; Hodges Drilling Co. v. Tyler, 233 S. W., 548: City of Charleston v. Littlepage, 51 L. R. A., (N. S.) 353;  1 Black on Judgments,

Sec. 184; Fortune v. Killebrew, 86 Texas, 172; Holmes v. Buckner, 67 Texas, 109; Galpin v. Page, 85 U. S. (18 Wall), 350, 31 L. Ed., 964; Calverley v. Shank, 67 S. W., 435; Ex Parte Towles, 48 Texas, 444, 7 R. C. L., 1032, 1033; Furgeson v. Jones, 20 Pac., 842, 3 L. R. A., 620, 11 Am. St., 808; Morse v. Presby, 25 N. H., 302; Cordray v. Neuhaus, 61 S. W., 415; Cunningham v. Robison, Com'r., 136 S. W., 441; Mercer v. Woods, 78 S. W., 15; Hill & Johns v. Lofton, 165 S. W., 67; Blum v. Looney, 69 Texas, 1; Whitmire v. Powell, 117 S. W., 436; Marshall v. Tully, (Ky.), 235 S. W., 726; Hood v. Texas Employers' Insurance Association, 260 S. W., 243; Employers' Indemnity Corporation v. Woods, 230 S. W., 461; Employers' Indemnity Corporation v. Woods (Tex. Sup), 243 S. W., 1085; McClure v. Georgia Casualty Co., 251 S. W., 800; Georgia Casualty Co. v. Greisenbeck, 210 S. W., 273; Texas Employers' Association v. Pierce, 230 S. W., 872; Texas Employers' Insurance Association v. Nunamaker (Tex. Sup.), 267 S. W., 749; Texas Employers' Insurance Association v. Jimenez, 267 S. W., 752; Bender Bros. v. Lockett, 64 Texas, 566; Moore v. Jordan, 65 Texas, 395; Western Union Telegraph Co. v. McKee Bros., 135 S. W., 658; Cavanaugh v. Cavanaugh, 238 S. W., 1019; Woldert Grocery Co. v. Booneville Elevator Co., 91 S. W., 1082; Harter v. Curry, 105 S. W., 988; Bingham, Administrator, v. Waterhouse, 32 Texas, 468.

The allegation stating that the award is not subject to any valid or consistent defense, whatever that may be, is merely a conclusion of the pleader and is not an allegation of fact. Simonton v. Citizens E. L. & P. Co., 67 S. W., 530; Republic Supp. Co. v. Weaver, 235 S. W., 684; Hodkinson v. Hartwell, 226 S. W., 457; Sanders State Bank v. Hawkins, 142 S. W., 88; Doherty v. City of Galveston, 48 S. W., 804; Anderson Clayton & Co. v. Terry, 167 S. W., 1; Thomason v. Ham, 210 S. W., 561; Nowlen v. Harding, 235 S. W., 687; Anderson v. Boyd, 64 Texas, 108; Fleming v. Seeligson, 57 Texas, 534.

*Ocie Speer* and *Small & McGee,* for appellees.

Plaintiff Helen Florence Wadley's petition in this cause having stated a cause of action against the Associated Employers' Reciprocal for confirmation and enforcement of an award by the State Industrial Accident Board in her favor, the same presented a matter over which the District Court of Tarrant County for the Sixty-Seventh District had jurisdiction. Rev. Stats., Arts. 5245, 5246; McDonald v. Association, 267 S. W., 1074; Millers' Mutual, etc. v. Hoover, 235 S. W., 864; Lumbermen's

Reciprocal v. Behnken, 246 S. W., 74; Miner v. Company, 267 S. W., 1020; Saner, etc. v. Spiney, 255 S. W., 193; Martin v. Brown, 62 Texas, 467; City of San Antonio v. Bockman, 163 S. W., 1043; Higby v. Kirkley, 163 S. W., 315; Moon v. Perry, 35 S. W., 838; 15 C. J., 733, Sec. 32.

To say that said award is not subject to any valid or consistent defense is but another way of saying that the award is a valid subsisting order or finding of the Board. It is not merely, as counsel argues, an expression of a conclusion of law, but the statement necessarily embodies a statement of fact to the effect that the award is valid, subsisting and unsatisfied. The true test for determining jurisdiction is the nature of the case as made by the complaint and the relief sought. Cooper v. Reynolds, U. S., 19 L. Ed., p. 931. The jurisdiction thus depends upon the allegations of the petition, and not upon the real facts. Eagle Co. v. McGowan, 137 Pac., 766; O'Brien v. Po, 75 N. E., 108, 3 Ann., 966.

It is true the cause of action in favor of plaintiff is a statutory one, but it is nevertheless equally true that such cause of action is a suit or plea over which the District Court is given jurisdiction. The rule differentiating between the courts of general jurisdiction and courts of inferior or limited jurisdiction is not affected the one way or the other by the nature of the cause of action if the claim is in truth recognized either by the Constitution, statute or common law.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on certified question from the Court of Civil Appeals for the Second District.

On April 2, 1924, the Industrial Accident Board entered an award against the Associated Employers' Reciprocal, allowing Helen Florence Wadley, the surviving widow of Moses Franklin Wadley, deceased, and Moses Franklin Wadley, a minor, compensation at the rate of $20 per week for a period of 360 weeks, beginning November 21, 1923, less a certain percentage of the award allowed Hugh L. Small and George I. McGee, attorneys for the widow and child of the deceased. On May 5, 1924, the Reciprocal instituted suit to set aside this award in the District Court of Wichita County, where the injury to the deceased occurred, within the time and in a manner sufficient to invoke the jurisdiction of that court, making all the beneficiaries of the award parties. Citation was served upon the defendants,

the Wadleys and Small & McGee, all of whom filed answer and cross action in the Wichita suit on June 28, 1924, the answer and cross action containing allegations of fact setting forth their claim for compensation under the provisions of the Workmen's Compensation Act. The Wichita County case was not tried or any further orders entered therein except those which will be hereafter mentioned.

On October 2, 1924, long after the institution of the suit in Wichita County by the Associated Employers' Reciprocal, and long after June 28th, the date that the Wadleys and Small & McGee filed answer in the Wichita County case, Helen Florence Wadley, being the same person who was a defendant of that name in the Wichita County suit, filed suit in the Sixty-seventh District Court in Tarrant County against the Associated Employers' Reciprocal and John M. Scott, Commissioner of Insurance for the State of Texas, on the award heretofore previously described as having been made to her and her minor son by the Industrial Accident Board, and ancillary to the suit prayed for the appointment of a receiver. The purpose of making Scott, the Commissioner of Insurance, a party was stated to be that as such officer he constituted the attorney in fact and nominal official of the Associated Employers' Reciprocal, and was the legal and actual custodian of certain guaranty funds and other securities deposited with and held by the Commissioner for the security and protection of claimants, provided for under the statute. Mrs. Wadley alleged in her petition in the Tarrant County case that her husband had died on the 21st day of November, 1923, while employed by the Tidal Western Oil Corporation, and as such employee was covered by a policy of insurance carried by the Oil Corporation with the defendant, the Associated Employers' Reciprocal. She then alleged:

"That the plaintiff, in her individual capacity and as next friend of Moses Franklin Wadley, a minor son of plaintiff and deceased, presented her claim in the amount of $7,200.00 in accordance with the provisions of said Employers' Liability Act, which claim was, on April 2nd, 1924, duly heard before the Industrial Accident Board of the State of Texas, at Austin, Texas, constituted and empowered to act under said statutes, and said claim of plaintiff was on that date approved and allowed by said board as shown by their award, a copy of which is hereto attached and made a part of this petition.

"That the defendant has wholly failed and refused to pay said award or any part thereof although the same is in a just amount,

duly approved before said board, and not subject to any valid or consistent defense."

In addition to this she made certain allegations showing the necessity for a receivership, but no allegation to the effect that notice had not been given of refusal to abide by the award, and none to the effect that suit had not been filed to set the award aside.

On the day the petition was filed, the Sixty-seventh District Court in Tarrant County, apparently without notice, appointed George B. Gay receiver of the Associated Employers' Reciprocal. After his appointment as receiver, Mr. Gay moved and obtained the dismissal of the Wichita County case on or about December 1, 1924. There is no contention that the Wichita County District Court had lost jurisdiction up to this time.

On the 26th of January, 1925, in a suit pending in the Ninety-sixth Judicial District in Stephens County, between one G. Graham and the Associated Employers' Reciprocal, J. W. Mingus was by that court appointed receiver of the Reciprocal, gave bond, and qualified as such. On February 9th he was given authority to and was directed by that court to intervene in the Tarrant County case, between Mrs. Wadley and the Reciprocal, for the purpose of showing the invalidity of the receivership pending in the last named case. He filed a motion for leave to intervene in the Tarrant County case, which was granted, and then filed his motion therein to vacate the receivership, on the ground that the appointment was illegal and void for various reasons. The motion sets forth the facts heretofore detailed as to the award in favor of Mrs. Wadley, and the filing of the suit in Wichita County, and pleads the consequent abatement of the Tarrant County case by the Wichita County suit. The motion also alleged that the filing of this suit in Wichita County had the effect to set aside and nullify in all respects the award of the Industrial Accident Board, and that this award thereafter was without force and effect as establishing in favor of Mrs. Wadley any right or claim over which any court could take cognizance against the Associated Employers' Reciprocal. The motion declared that the petition of Mrs. Wadley in the Tarrant County case asserted no facts showing jurisdiction of the Tarrant County court over any cause of action, and that as a matter of truth and fact the Tarrant County court had no jurisdiction over any cause of action set forth, or attempted to be set forth, in Mrs. Wadley's petition, and no jurisdiction over the parties to the cause of action with

respect to any matter alleged in the petition filed by Mrs. Wadley in the Tarrant County District Court, and did not have at the time of the institution of the suit and the appointment of the receiver. The motion specifically stated:

"Plaintiff's petition contains no allegations to the effect that the Asociated Employers' Reciprocal failed or refused to bring suit to set aside the said award so made by the Industrial Accident Board of the State of Texas, in favor of plaintiff, as is provided may be done in section 5 of part 2 of the Employers' Liability Act of the State of Texas. * * *

"It does not appear from the allegations of plaintiff's petition that this suit has been instituted in a court of competent jurisdiction where the injury occurred or where plaintiff or a claimant seeking relief resides."

The motion pleads fully the history of all proceedings in all three of the courts concerned, but the foregoing is sufficient for the purposes of this opinion.

This motion was, upon notice to all parties and hearing, overruled, and the relief sought refused. Mingus then appealed to the Court of Civil Appeals for the Second District, where the case is now pending. That court has certified to us two questions, as follows:

"1.  Does the original petition filed by plaintiff in cause No. 68200, Helen Florence Wadley v. Associated Employers' Reciprocal et al., contain allegations of fact which set forth a cause of action of which the Honorable 67th District Court of Tarrant County, Texas, acquired jurisdiction?

"2.  Even though such petition be held to contain allegations of fact sufficient to invoke the jurisdiction of the Honorable District Court of Tarrant County, Texas, should said court have retained jurisdiction of the suit instituted by plaintiff, Helen Florence Wadley, after the facts hereinafter set forth were established by undisputed evidence introduced upon the hearing of the motion to vacate the order appointing the receiver?"

### OPINION.

We assume from the wording of the second question certified that in the event the first is answered in the negative an answer to the second one is not requested. Since we have concluded that the first question must be answered in the negative, we will confine our discussion to that inquiry.

This suit arises out of a workman's compensation proceeding, and it is therefore in derogation of the common law.. The

rights to be enforced, and all the remedies provided therefor, are purely statutory, as distinguished from the common law rights and remedies. Middleton v. Texas Power & Light Co., 108 Texas, 96; 28 Ruling Case Law, p. 714, Sec. 3, p. 750, Secs. 45, 46, 47, 51, 79.

The general rule is that where the cause of action and remedy for its enforcement are derived, not from the common law, but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects, or the action is not maintainable. 1 Ruling Case Law, p. 322, Sec. 9; 17 Corpus Juris, p. 1195, Sec. 44-B; 1 Corpus Juris, p. 951, Sec. 47, p. 976, Sec. 72, p. 988, Secs. 100D, 102B; Keller v. Corpus Christi, 50 Texas, 614; Globe Newspaper Co. v. Walker, 210 U. S., 356, 365; Pollard v. Bailey, 200 Wall. (U. S.), 520; Employers Ind. Corp. v. Woods, 243 S. W., 1085; Hood v. Texas Employers Insurance Assn., 260 S. W., 243, 245; 28 Ruling Case Law, p. 824, Sec. 112, p. 829, Sec. 117; see generally Schneider's Workmen's Compensation Law, Vol. 2, Secs. 539 to 560; People v. McGoorty, 10 N. C. C. A., 978; Stocks v. Industrial Commission, 10 N. C. C. A., p. 203, and annotations; Rosenstell v. Niles F. & M. Co., 7 N. C. C. A., 798.

The Workmen's Compensation Act having created the rights to be enforced, and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies. 1 Corpus Juris, p. 988, Sec. 100D, p. 989, Sec. 102B, p. 976, Sec. 72; Statutes (1925), Art. 8307, Sec. 4a; Harris v. Texas Employers Ins. Assn., 257 S. W., 998; Millers Ind. Underwriters v. Patten, 238 S. W., 240; American Ind. Co. v. Nelson, 201 S. W., 686; Home Life & Accident Co. v. Jordan, 231 S. W., 802; Georgia Casualty Co. v. Ward, 220 S. W., 380; 28 Ruling Case Law, p. 825, Sec. 113; Workmen's Compensation Acts in Corpus Juris, Advance Pamphlet, p. 104, Secs. 101, 102, 103; Schneider's Workmen's Compensation, Vol. 2, Sec. 545; Revised Statutes (1925), Art. 8307, Sec. 5; Employers Ind. Corp. v. Woods, 243 S. W., 1085; Revised Statutes, Art. 4307, Sec. 5; Miller's Ind. Underwriters v. Hayes, 240 S. W., 904; Hood v. Texas Employers Ins. Assn., 260 S. W., 243.

In the last cited case the Court of Civil Appeals at Dallas,

through Associate Justice Vaughan, made a very clear statement of the law on the points here under discussion. We quote with approval therefrom as follows:

"The jurisdiction of the trial court to hear and determine appellant's suit depended on the following prerequisite proceedings, which should have been properly alleged and supported by the requisite evidence: (a) That proper application for compensation on account of the injury alleged to have been received was made to the Industrial Accident Board; (b) that final award was made thereon by said board; (c) the giving of notice of the intention not to abide by the award within twenty days from date of same, and the filing of proper suit within twenty days from the date of service of such notice—all being jurisdictional facts and essential to concur before jurisdiction would attach."

As to the county where suit to set aside an award may be brought, the statute is clearly mandatory. Revised Statutes, Art. 8307, Sec. 5, provides that the suit to set aside the final award of the Board *"shall"* be brought *"in the county where the injury occurred."* The language used is mandatory, and its purpose evident. Such a suit of necessity involves the *fact* of the accident, the issue of the *injury,* and the *wages* of the claimant; all of which may be established with less expense, trouble, and delay in the county where the injury occurred than in any other county.

Having in mind the general rule that workmen's compensation acts are to be liberally construed to effectuate their beneficial purpose, there can be no doubt that when the Legislature specified the county in which a suit to vacate an award should be filed as the county where the accident occurred, the specification was exclusive, and intended to be jurisdictional. In fact, the statute itself declares that the rights of the parties are to be determined *"by the provisions of this law."* Besides, in special proceedings not within the common law jurisdiction the court statutory designation of the venue is mandatory and jurisdictional. Cunningham v. Robison, 104 Texas, 227; United States Fidelity & G. Co. v. Lowry, 219 S. W., 222, 224 (dissenting opinion); Calverly v. Shank, 67 S. W., 435; 1 Corpus Juris, p. 988, Secs. 100, 102; Chandler v. Mo. Pac. Ry. Co., 68 S. W., 898.

The next provision of the law to be considered is that providing for the enforcement of an award by court decree.

Revised Statutes, Art. 8307, Sec. 5a, provides:

"In all cases where the board shall make a final order, ruling or decision as provided in the preceding section and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside, as in said section is provided, then in that event, the claimant, in addition to the rights and remedies given him and the board in said section *may bring suit where the injury occurred, upon said order, ruling or decision.* If he secures a judgment sustaining such order, ruling or decision, in whole or in part, he shall also be entitled to recover the further sum of twelve per cent. as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim. * * *

"*Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit.*"    (Italics ours.)

We have said that the venue provision in Section 5 as to setting aside awards is jurisdictional, and we have no doubt that the terms of Section 5a, quoted above, as to places of suit, should be given the same construction. They are part of the same Act, relating to the same subject-matter, are both specific and different from the general venue statutes, and should be given a consistent meaning, as they have a consistent purpose. Having said that suit could be brought in either one of the two counties, the statute necessarily means the suit can not be instituted in any other county.

Our construction is consistent with the general rule and auhorities previously cited, which, in substance, declare that where a statute creates a right, and provides a remedy for its enforcement, the remedy is exclusive, and where it confers jurisdiction upon a particular court, that jurisdiction is exclusive. 1 Corpus Juris, p. 989, Sec. 120b; Calverly v. Shank, 67 S. W., 435; Cunningham v. Robison, 104 Texas, 227; and other authorities, supra.

We conclude, therefore, that the above venue provisions are mandatory and jurisdictional, and that no court, though otherwise competent, has jurisdiction, except one within the territorial limits of the counties designated by the statute.

We pass now to the details of the remedy for the enforcement of an award. The time and the place where and under

what circumstances a court may act, are set forth in the statute. First, there must have been a final order of the Industrial Accident Board; second, that order must have been against the association—that is, the insurer; third, the insurer must fail or refuse to bring suit to set aside the award as provided for in Section 5. When these three things concur the statute declares *"Then in that event the claimant * * * may bring suit where the injury occurred upon said order, ruling or decision."*

We note that these three statutory requirements are treated as a unit—*"that event"* showing plainly that not one but the three things must concur to constitute a whole and make *"that event,"* upon the happening of which suit may be filed to have the award established by the court. Words and Phrases, Vol. 3, p. 2513; Webster's International Dictionary; Black's Law Dictionary; Mangum v. Piester, 16 S. C., 329; Pinlard v. Irwin, 20 N. J. L., 505; see also Words and Phrases, Vol. 3, pp. 2513, 2514, 2d Ed., Vol. 4, pp. 896, 897.

Suits to set aside awards are analogous to appeals from trial courts to Courts of Civil Appeals. Millers' Ind. Underwriters v. Hayes, 240 S. W., 904, 907. When such a suit is brought to set aside the award, the vitality and finality of the award is therefore suspended, and its subject-matter withdrawn from the Board and all of the courts, except the one in which the suit is filed, and which has complete and exclusive jurisdiction to go to judgment and execute its decisions. Cleveland v. Ward, recently decided, but not yet officially reported; Revised Statutes (1925), Art. 8307, Sec. 5a.

It is plain, therefore, that before any suit can be instituted, there must be a final award against the insurer, and that award must be active and vital, and not suspended by suit to set it aside. Unless all three elements named by the statute, and set forth above, concur, no *"event"* has transpired which authorizes any court to entertain jurisdiction or to enforce the award. Such is the plain language of the statute, and such is its plain meaning. Like all other elements we have discussed with which it is connected, and of which it is a part, this *"event"* or contingency when suit is to be filed is jurisdictional, and not merely defensive. *It is the plaintiff's cause of action,* delimited by the statute, and he has no other under the law.

Having determined that the above named requisites of a cause of action to set aside an award and the county desig-

nated by the statute are jurisdictional, the conclusion follows that they must be alleged and proven. A proceeding of this type is a special one brought under statutory power to enforce a statutóry cause of action in derogation of the common law, and there can be no presumption of jurisdiction. Jurisdictional allegations are an integral and necessary part of the case, without the statement of which there is no cause of action. Hood v. Texas Employers Ins. Assn., 260 S. W., 243, 245; Freeman on Judgments (5th Ed.), Vol. 1, Sec. 338, p. 680; 21 Ruling Case Law, p. 460, Sec. 26; 31 Cyc., p. 58, p. 107, p. 115.

The fact that the suit in the instant case was brought in the District Court, a court of record of general jurisdiction, raises no presumption as to the jurisdiction, and does not obviate the necessity of pleading jurisdictional facts by the plaintiff.

The rule is well settled in most jurisdictions, and in this State, "that there is no presumption of jurisdiction where a court, although it is one of general jurisdiction, exercises special statutory powers in a special statutory manner or otherwise than according to the course of the common law, since under such circumstances the court stands with reference to the special power exercised on the same footing with courts of limited and inferior jurisdiction." 15 Corpus Juris, pp. 831, 832; Holmes. v. Buckner, 67 Texas, 109; Calverley v. Shank, 67 S. W., 435; Galpin v. Page, 85 U. S. (18 Wall.), 350; Guilford v. Love, 49 Texas, 715, 743; Mitchell v. Rumple, 25 Texas Sup., 132; Cunningham v. Robison, 104 Texas, 227; Brown v. Wheelock, 75 Texas, 385; 7 Ruling Case Law, 1032; Horan v. Wahrenberger, 9 Texas, 313, 319; U. S. Fidelity & Guaranty Co. v. Lowry, 219 S. W., 227 (dissenting opinion of Judge Jenkins approved in this opinion by this Court); Freeman on Judgments (5th Ed.), Vol. 1, Sec. 389.

Corpus Juris, Vol. 15, p. 832, Sec. (150)-2, declares: "The mere exercise of jurisdiction by courts of inferior, limited, or special jurisdiction does not raise a presumpton of the existence of the requisite jurisdictional facts, for nothing is presumed to be within the jurisdiction of such courts; but one who relies upon a decision or order of such a court, or who claims any right or benefit under its proceedings, *must affirmatively show its jurisdiction in the premises by alleging and proving the same. This rule applies to jurisdiction both of the*

*person and of the subject matter."* (Italics ours.) See also p. 842, Sec. (162)-2.

In the case of Cunningham v. Robison, 104 Texas, 227, this Court declined in a collateral inquiry to sustain a judgment of the District Court removing the disabilities of a minor, saying:

"The statute of this State herein copied above confers special jurisdiction upon the District Court to remove the disabilities of minors 'over the age of nineteen,' and the jurisdiction is conferred upon the District Court of the county in which 'he may reside.' It is apparent from this language that the two facts—that the minor is over nineteen years of age and that he resides in the county in which the proceeding is had—are jurisdictional in their character and must be made to appear in the record in order to sustain the action of the court in exercising that power. A District Court has no authority to remove the disabilities of a minor under nineteen years of age, therefore it must appear that such minor is over nineteen years of age at the time. Such court has no jurisdiction except over such minors as may reside within the county in which the court is held, therefore in order to give jurisdiction it must appear that the minor resided in the county where the court that made the order was held. Neither of these facts appear in the record as presented to this court, nor, indeed, are they alleged in the pleadings of the relator in this court."

All other Texas cases cited sustain the proposition here announced.

It follows from the various authorities cited and our discussion above, that in order for Mrs. Wadley to state a cause of action it was necessary for her to allege: (a) That there had been a final award in her favor by the Industrial Accident Board; (b) that the award was against the Associated Employers' Reciprocal; (c) that no suit had been instituted within twenty days after notice of refusal to abide by the award in the county where the injury to the deceased occurred; and (d) either that the injury occurred in Tarrant County, or that one of the beneficiaries resided in that county.

The petition is shown in the record, and the relevant parts of it have been quoted. It contains no allegation or semblance of allegation that the beneficiaries, or either of them, reside

in Tarrant County, or that the accident occurred in Tarrant County, and therefore fails to show jurisdiction in the Tarrant County court.

The petition is also fatally defective because of the absence of the third requisite (c) named above. We have quoted those parts of the petition which attempt to state a cause of action, independent of the reasons given for the receivership. The insistence is made in appellee's brief that the language of the petition heretofore quoted, particularly that part to the effect that the award had been made and was "not subject to any valid or consistent defense," when properly construed, "undoubtedly amount to and include that the plaintiff had obtained against the defendant her award and that the association had failed and refused to pay or comply with the same *and had failed and refused to bring suit* to set same aside." (Italics ours). With this insistence we cannot agree. The allegation, at most, is a mere legal conclusion of the pleader, and does not state any fact, much less the facts necessary under the law. 21 Ruling Case Law, p. 440, Sec. 5, p. 460, Sec. 26; Doherty v. City of Galveston, 48 S. W., 804; Republic Supply Co. v. Weaver 235 S. W., 684; 31 Cyc., pp. 49, 54, 58, 62.

The allegations in the petition in this case against Scott, Commissioner of Insurance, as showing grounds for receivership, are purely ancillary to the main purpose of the suit, as are all other allegations for the purpose of showing the necessity of a receivership; and since jurisdiction is not otherwise shown, they give no aid in support of the question of jurisdction.

The first certified question is therefore answered in the negative—that is, the original petition filed by plaintiff in Cause No. 6822, Helen Florence Wadley v. Associated Employers' Reciprocal et al., contains no allegations of fact which set forth a cause of action of which the Honorable Sixty-seventh District Court of Tarrant County, Texas, acquired jurisdiction.

The second question is not answered for the reason previously stated.