## PETROLEUM CASUALTY CO. v. WEBB.

### No. 8877.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 19, 1932.

Rehearing Denied Dec. 14, 1932.

K. W. Gilmore, of Houston, for appellant.

Hertzberg & Kercheville, of San Antonio, for appellee.

COBBS, J.

This is an appeal from an award of the Industrial Accident Board. The claimant, William C. Webb, filed with the Industrial Accident Board, on March 28, 1931, notice of injury and claim for compensation, alleging that he received an injury on the 10th day of October, 1930, in Bee county, Tex., while working as an employee of the Humble Pipe Line Company, and on the 15th day of June, 1931, the Industrial Accident Board assumed jurisdiction of said claim, and made an award in favor of claimant and against appellant in an amount, including hospitalization and doctors' bills, in excess of $500. Petroleum Casualty Company, the insurer, before the expiration of 20 days from the date thereof, filed its application before said board to reopen said award and have the same corrected on the ground that the evidence and proof offered before said board did not show that the claimant had sustained personal injury such as was and is compensable under the Workmen's Compensation Law of this state, and on the 24th day of June, 1931, the board passed its order refusing to reopen the same. Appellant gave notice of appeal, both from the board's original award and the board's order refusing to reopen said case. In compliance with said notice, appellant filed a suit in the district court of Bee county on the 16th day of July, 1931, under cause No. 5649, appealing from said award.

The major part of the original allegation of appellant is that the plaintiff is an insurance corporation, chartered for the purpose of writing among other kinds of insurance, what is commonly known as compensation insurance for employees of the Humble Pipe Line Company; that on the 27th day of March, 1931, defendant gave notice of injury to the Industrial Accident Board, and on the same date filed with said board claim for compensation for the injury alleged and claiming that he was an employee of the Humble Pipe Line Company, and received an injury while engaged in the course of his employment on the 10th day of October, 1930; that thereafter, on the 15th day of June, 1931, the Industrial Accident Board assumed jurisdiction of said claim, and entered its final award in favor of defendant and against plaintiff in an amount in excess of $500, including hospitalization and doctors' bills; that the defendant claimed to have received said injury in Bee county, Tex., while in the course of his employment with the Humble Pipe Line Company; and that, said claim being for more than $500 and said injury being alleged to have occurred in Bee county, Tex., the said district court had jurisdiction thereof.

In his answer defendant stated that he was formerly an employee of the Humble Pipe Line Company, as a laborer at Pettus,

Bee county, Tex., and while so engaged the defendant was injured and sustained an injury resulting immediately and directly in a hernia; that the Humble Pipe Line Company, the employer of defendant, was at that time a subscriber to the Employers' Liability Law through and by virtue of a policy of compensation insurance carried with the Petroleum Casualty Company, plaintiff herein.

The appellee, William C. Webb, the defendant below, raised the question of jurisdiction in three different ways:

"First: He pleaded to the jurisdiction of the court demanding that the plaintiff's pleadings have attached thereto, or that certified copies be filed among the papers in the case showing, first, that a claim was filed before the Industrial Accident Board; second, that an award was made by the Board; and third, that notice of intention not to abide by the award was given within twenty days by plaintiff herein.

"Second: The appellee raised the same questions by special exception to plaintiff's petition.

"Third: The appellee raised the same question also by motion to require the appellant, Petroleum Casualty Company, to file certified copies of the proceedings before the Industrial Accident Board in the case of William C. Webb, employee of the Humble Pipe Line Company, including copy of claim for compensation, and award made by the Board, and notice by the Petroleum Casualty Company of intention to appeal therefrom; said motion, praying that plaintiff be required to file said copies and records either before the trial commenced, or immediately thereafter, and before the appellee should be required to offer proof or evidence of his claim for compensation.

"All of this was done before defendant announced ready for trial and all three questions were considered and decided at the same time by the court, that is, the plea to the jurisdiction, the special exception, and the motion to require filing of records to show jurisdiction of the court, to which action of the court, the appellant refused to comply with, by refusing to file a certified copy of the claim for compensation. In other words, it was not merely a failure to file it, but a challenge to the trial court's authority to require the filing or attaching to the petition of the claim for compensation which resulted in the Board's award, granting that such a claim was ever filed; and the record here, speaking through the decree, the bill of exceptions, etc., shows a direct and emphatic refusal to file it.

"Since all of the steps essential to the jurisdiction of the Industrial Accident Board and the trial court were not shown, as is required in cases to set aside awards made by the Board, there was nothing for the trial court to do but to dismiss the case, as a result of sustaining said plea to the jurisdiction, special exception and motion to require filing of the claim."

An important point of distinction to be kept in mind is this: There is a distinction in some of the decisions between cases filed to enforce an award of the Accident Board and those filed to set aside an award. Our Supreme Court in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, by Chief Justice Cureton, recognizes this distinction, and that case is really decisive of this case.

■ This question was settled in the early case of Hood v. Texas Employers' Insurance Association (Tex. Civ. App.) 260 S. W. 243, 245, and referred to and approved by the later Supreme Court case of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. We quote verbatim from a portion of the opinion, also quoted in the Supreme Court's decision with approval, viz.:

"The jurisdiction of the trial court to hear and determine appellant's suit depended on the following prerequisite proceedings which should have been properly alleged and supported by the requisite evidence:

"(a) That proper application for compensation on account of the injury alleged to have been received was made to the Industrial Accident Board;

"(b) That final award was made thereon by said board;

"(c) The giving of notice of the intention not to abide by the award within 20 days from date of same, and the filing of proper suit within 20 days from the date of service of such notice—all being jurisdictional facts and essential to concur before jurisdiction would attach. Article 5246—44, Vernon's Ann. Civ. St. Supp. 1918; Bettie Harris et al. v. Texas Employers' Insurance Ass'n (Tex. Civ. App.) 257 S. W. 998; Georgia Casualty Company v. Ward (Tex. Civ. App.) 220 S. W. 380; [Employers'] Indemnity Corporation v. Woods (Tex. Civ. App.) 230 S. W. 461, in which last case it was held that—

" 'No intendments can be indulged in favor of such jurisdiction, but the record itself must disclose the facts which authorize it to act, and it must appear that the jurisdiction thus assumed is within the limits of the legislative grant.' "

The latest authority is Federal Surety Company v. Jetton, 44 S.W.(2d) 923, 925, by Commission of Appeals, which is a suit to set aside an award of the board. Justice Sharp there holds: "The rights and remedies given by the Workmen's Compensation Act are purely statutory; the statutory provisions as to both are mandatory and exclusive, and must be complied with in all respects; and such compliance is necessary to the exercise of jurisdiction by the first and all succeeding agencies, including the county where the injury oc-

curred, where suit to set aside the award must be brought. Each step toward maturity of compensation claim from time of injury to the final adjudication is a mandatory requirement necessary to the exercise of jurisdiction by each agency provided for by this statute. Application for compensation, final award, timely notice of intention not to abide by the award, and timely suit must concur before jurisdiction of suit to vacate the award attaches. Suit in the proper court to set aside an award of the Industrial Accident Board suspends such award, and its subject-matter is thereby withdrawn from the board and from all courts except the one in which the suit is brought. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084." Also, note Casualty Reciprocal Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143.

 It would be necessary to show jurisdiction of the trial court and the Court of Civil Appeals would be compelled to require that the plaintiff's petition be shown, because, if the trial court did not have jurisdiction, then the Court of Civil Appeals would not have jurisdiction. So in this procedure, if the Accident Board does not have jurisdiction of the matter passed on, the reviewing trial court would not have jurisdiction. In this particular case, where the matter of jurisdiction was called specially to the attention of the district court, as to a particular matter, viz. the filing of claim, etc., and filed pleadings testing this particular point and requiring allegations and proof thereon, which was met by a point-blank refusal by the plaintiff, there was nothing left to do but to dismiss on account of failure to affirmatively show jurisdiction, on a point which has been declared by all of our courts as an "essential requirement" of jurisdiction.

 Appellant may have confused this case with that of one where the suit is to "enforce" an award which has not been appealed from. In the latter case, the statute (article 8307, § 5a) provides exactly what shall be alleged and proven, and it amounts to a suit on a judgment which is final and not appealed from. The award in that instance, just like a final judgment, would import verity, and jurisdiction would be presumed, and it would not be necessary to go back of the judgment or award in suing to enforce it. On the contrary, a suit to set aside an award appealed from is similar to setting aside a judgment on appeal, and in such cases it is necessary for the transcript to show the original petition or claim because the judgment is not final and no presumption of jurisdiction then obtains. In a suit on a judgment of a court, or an award of the Industrial Accident Board which is final and not appealed from, whether the court or board had jurisdiction to render same would be a defensive matter, to be taken advantage of by the defendant (unless it ap-

pears void on its face), but in appellate procedure, whether from an award of the Accident Board or from a judgment of a court, it is necessary for the plaintiff affirmatively to show jurisdiction, and no presumption of jurisdiction obtains.

We have adopted, largely, appellee's brief and affirm the judgment of the lower court.