TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-02-00107-CV






Hartford Underwriters Insurance Company/Richard Hafley, Appellants


v.


Richard Hafley/Hartford Underwriters Insurance Company, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT

NO. C-97-400C, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING






 This is a worker's compensation case. Hartford Underwriters Insurance Company
("Hartford") challenges an award of Supplemental Income Benefits made by the Worker's
Compensation Commission ("the Commission") to Richard A. Hafley ("Hafley"). See Tex. Lab.
Code Ann. §§ 408.142, .147(c) (West 1996 & Supp. 2002). In a modified trial de novo, the district
court affirmed the award and awarded attorney's fees to Hafley. See id. §§ 410.251, .252 (West
1996). Hartford argues that: (1) the Commission improperly calculated Hafley's income from self-employment based on net, rather than gross, income; (2) the evidence before the district court was
insufficient to support a benefits award; and (3) Hafley did not "prevail" on any issue within the
scope of the statute and was not entitled to attorney's fees. Hafley has also appealed, challenging
the district court's jurisdiction to review the Commission's decision. We will affirm.


BACKGROUND

 In 1992, the Commission awarded Hafley disability benefits based on a work-related
back injury. By 1994, he had reached maximum recovery, with a seventeen percent impairment
rating. This impairment rating made him eligible for Supplemental Income Benefits ("SIBs") so
long as his wages remained less than eighty percent of his pre-injury wages. Id. § 408.412. Like
other worker's compensation benefits, SIBs are administered through an administrative process that
is meant to ensure quick disbursement of benefits and decrease the need to litigate relatively small
claims. See generally id. §§ 408.081-.162 (West 1996 & Supp. 2002) (hereinafter "the Act"); Texas
Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 513, 521 (Tex. 1995). 

 SIBs require a comparison between an injured employee's pre-injury wages and his
wages after reaching maximum recovery. Tex. Lab. Code Ann. § 408.412(b). Although Hafley had
been a wage-earning employee at the time he was injured, he was self-employed during the relevant
benefits period. Because Hafley did not receive "wages" from a third-party employer, the hearing
officer calculated his wages as the difference between his total self-employment income and his
business expenses. Hartford challenged the award, and an appeals board affirmed. Hartford then
filed an appeal in the Comal County District Court. After a bench trial, the district court affirmed
the Commission's decision and awarded attorney's fees.

 In this appeal, Hartford complains that Hafley's income should have been calculated
on the basis of his gross, rather than net, self-employment income. Hartford also challenges the
award of attorney's fees, claiming that Hafley has not prevailed on any issue within the meaning of
the Act's fee provision. Finally, Hartford challenges the legal and factual sufficiency of the district
court's findings.

 Hafley also appeals, challenging the district court's refusal to dismiss the cause for
want of jurisdiction. Hafley argues that, because he is a resident of Guadalupe County, rather than
Comal County, the district court could not exercise jurisdiction under the Act's provisions. We will
consider the jurisdictional issue first.


DISCUSSION

Jurisdiction and Venue

 Hafley's original application for benefits listed his street address as being in New
Braunfels and Comal County. Based on this information, Hartford filed its appeal in the District
Court of Comal County. Hafley's street address, however, is in an area of New Braunfels that
actually lies in Guadalupe County. The Act requires that an appeal be filed in "the county where the
employee resided at the time of the injury." Id. § 410.252(b)(1). Thus, Hartford did not file in
Hafley's county of residence and failed to satisfy section 410.252(b)(1). Hafley contends that this
failure is jurisdictional and asks us to dismiss the appeal and reinstate the Commission's order.

 The relevant section of the Act provides as follows:


Time for Filing Petition; Venue



(a) A party may seek judicial review by filing suit not later than the 40th day after
the date on which the decision of the appeals panel was filed with the division.


(b) The party bringing suit to appeal the decision must file a petition with the
appropriate court in:

 (1) the county where the employee resided at the time of the injury or death if
the employee is deceased; or


 (2) in the case of an occupational disease, in the county where the employee
resided on the date disability began or any county agreed to by the parties.



Tex. Lab. Code Ann. § 410.252. Relying on Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex.
2000), Hafley argues that the venue provisions of section 410.252 are jurisdictional and, therefore,
Hartford's petition must be dismissed. He takes the position that the venue requirement is a
substantive limitation on the power of the district court to exercise appellate power over the
Commission. Hartford responds that the section, as shown by its heading, is merely a venue statute
and failure to comply with it does not deprive the district court of jurisdiction.

 In Dubai, the supreme court reversed the long-standing doctrine of Mingus v. Wadley,
115 Tex. 551, 285 S.W. 1084 (Tex. 1926), which held that the technical requirements of a statutory
cause of action, created in derogation of the common law, are jurisdictional. Mingus, like the case
at hand, involved a challenge to a worker's compensation award. The then-current statute provided
several statutory prerequisites to appeal from the Industrial Accident Board's determinations,
including a venue requirement that suit be brought "in the county where the injury occurred."
Mingus, 285 S.W. at 1087-88. The Mingus court reasoned that, because worker's compensation is
statutory, an appeal from a compensation award must be dismissed if brought in any county other
than that where the injury occurred. Id.

 Dubai rejected Mingus "to the extent that it characterized the plaintiff's failure to
establish a statutory prerequisite as jurisdictional." Dubai, 12 S.W.3d at 74. The supreme court
noted that statutory prerequisites are not generally jurisdictional. Id. at 76. Flexibility in reading
statutory prerequisites is necessary because, when it is difficult to tell "whether the parties have
satisfied the requisites of a particular statute, it seems perverse to treat a judgment as perpetually
void merely because the court or the parties have made a good-faith mistake in interpreting the law." 
Id. at 76. Dubai, then, holds that automatically labeling statutory "irregularities," including statutory
venue provisions, as jurisdictional would make the judgments in those cases perpetually vulnerable
to collateral attack. Id. Because Dubai rejects Mingus's holding that the venue provisions of the
former worker's compensation act were jurisdictional, we must look to the statute itself in order to
determine whether jurisdiction was proper in the district court. 

 By its terms, section 410.252 applies to the venue of an appeal to the district court,
not the district court's jurisdiction to hear a particular type of case. The section heading describes
it as a venue provision. By its language, the section does not limit or create specific powers in a
specific district court, nor does it indicate that other district courts should be denied jurisdiction over
worker's compensation appeals. See Sierra Club v. Texas Natural Res. Conservation Comm'n, 26
S.W.3d 684, 688 (Tex. App.--Austin 2000), aff'd, 70 S.W.3d 809 (Tex. 2002) (suggesting that
jurisdictional statutory requirements are those that define scope of court's substantive power). When
a statutory prerequisite to suit is such that it affects only venue, without making any substantive
change in the court's inherent power, it should not be held jurisdictional. See Dubai, 12 S.W.3d at
76. Section 410.252 directs an appellant to choose among several courts, all of which have subject-matter jurisdiction over worker's compensation claims. Therefore, it raises a question of venue,
rather than subject-matter jurisdiction. Thus, we overrule Hafley's issue and hold that the district
court had jurisdiction to review the Commission's decision.

Calculation of Wages

 SIBs help a recovering employee ensure that his income is not disproportionately
lower than it was before the injury. They may be awarded to injured workers who have found new
employment, but have an impairment rating exceeding fifteen percent and are receiving wages of less
than eighty percent of their pre-injury wages and meet other technical criteria. Tex. Lab. Code Ann.
§ 408.142. SIBs are calculated quarterly and provide a claimant with limited benefits to partially
offset any reduction in income. Id. § 408.144(a), (b) (West 1996); Garcia, 893 S.W.2d at 515. 

 To qualify for SIBs, Hafley needed to show that his average weekly wage during the
sixth compensable quarter was less than eighty percent of his pre-injury average weekly wage. To
establish his wages for the purposes of calculating his benefits under the Act, Hafley submitted both
his income derived from his self-employment activities and evidence of his business expenses. This
evidence included receipts and expert testimony by Hafley's accountant and an independent
accounting expert. The Commission calculated Hafley's wages based on the evidence presented and
issued an award.

 The Act defines "wages" to include "all forms of remuneration payable for a given
period to an employee for personal services," including any "advantage that can be estimated in
money." Tex. Lab. Code Ann. § 401.011(43) (West Supp. 2002). Hartford contends that this
definition prohibits the Commission from allowing a self-employed claimant to recover on the basis
of net income. Because the definition of "wages" includes all forms of remuneration, Hartford
contends that the Commission is required to calculate a claimant's income from self-employment
on the basis of gross receipts. 

 Hafley responds that the statute is silent on how to calculate wages for a self-employed claimant. Therefore, he argues, the Commission acted within its administrative discretion
because the net income of a self-employed claimant is analogous to the income of a wage-earning
employee; that is, both represent the amount of money an injured worker has available for personal
use.

 Administrative agencies are given wide latitude in determining how best to
accomplish their regulatory responsibilities, so long as they do not create new powers and
responsibilities in addition to those granted by their enabling statute. Public Util. Comm'n v. GTE-Southwest, 901 S.W.2d 401, 407 (Tex. 1995). This involves "whatever power is reasonably
necessary to fulfill a function or perform a duty that the legislature has expressly placed in the
agency." Kawasaki Motors v. Motor Vehicle Comm'n, 855 S.W.2d 792, 797 (Tex. App.--Austin
1993, writ denied). Courts, therefore, give serious consideration to an agency's interpretation of its
enabling statute, so long as the interpretation does not contradict the plain language of the statute.
Argonaut Ins. Co. v. Baker, 45 Tex. Sup. Ct. J. 866, 890, 2002 Tex. LEXIS 89, at *14 (June 20,
2002) (citing Tarrant Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex. 1993)).

 The definition of wages provided in section 401.011(43) describes only the income
of a claimant who is employed by, and receives a salary and other benefits from, a third-party
employer. The legislature did not explicitly provide a methodology for calculating the "wages" of
self-employed claimants. In its decision, the Commission indicated that, under the facts of this case,
it chose to calculate wages based on net income in order to fulfill the Act's intent. This is a
common-sense solution. The district court affirmed the Commission's determination based on its
own evaluation of the facts. We hold that the Act, by implication, provides discretion to the
Commission to choose a method for calculating the equivalent of statutory "wages" for a self-employed claimant. Accordingly, we overrule Hartford's contention in this regard.


Legal and Factual Sufficiency of the Evidence

 Hartford challenges the legal and factual sufficiency of the district court's findings
regarding the award of SIBs. Much of Hartford's challenge to the Commission's decision to award
benefits is framed as a challenge to the Commission's decision to accept particular records as
evidence and the Commission's choice of accounting procedures. According to Hartford, the
accounting difficulties involved in assessing any self-employed claimant's income will necessarily
undermine the benefits award process. However, the Commission's use of the specific facts of
Hafley's claim is not before this Court because all factual issues were determined by the district
court de novo. Hartford may not, then, challenge the sufficiency of the evidence before the
Commission.

 In reviewing its challenge to the evidence introduced before the district court,
Hartford makes two complaints: (1) that the Commission permitted certain business expenses to be
deducted from Hafley's gross receipts which Hartford's experts had testified should not be allowed,
and (2) that Hafley introduced no evidence from which the district court could, on its own, calculate
Hafley's net income. After our review of the evidence, we conclude that based on the record, which
includes an appendix to Hartford's expert testimony detailing Hafley's financial information, the
district court could have calculated Hafley's income as it did. We overrule Hartford's legal and
factual sufficiency issues.


Attorney's Fees

 Hartford contends that, because no final order has issued on which an award of
attorney's fees may be based, Hafley does not qualify for attorney's fees under the statute. The Act
provides that, when an insurance carrier disputes an award of SIBs, the claimant may recover
attorney's fees if "the employee prevails on any disputed issue." Tex. Lab. Code Ann. § 408.147(c)
(emphasis added). Hartford argues that no worker's compensation claimant can have prevailed on
a disputed issue within the meaning of the statute unless a mandate has issued on the case and no
further judicial proceedings are possible. We disagree.

 The Commission awarded Hafley SIBs. That constitutes an issue on which he
prevailed and which was then appealed to the district court. See Liberty Mut. Ins. Co. v. Montana,
49 S.W.3d 599, 603 (Tex. App.--Fort Worth 2001, no pet.) (employee eligible for attorney's fees
in contested benefits decision even if no relief is given until district court level). The contested issue
of the SIBs award was properly brought before the district court and therefore constitutes an issue
in that appeal on which Hafley has prevailed. Thus, the final judgment of the district court, although
subject to appeal, was final for purposes of the attorney's fees provision of the Act. Hafley's
attorneys presented affidavits detailing their fees and billing rates which, after the trial in district
court, amounted to $32,830.63. This evidence was sufficient to support the award in that amount. 
Therefore, we overrule Hartford's issue regarding the appropriateness of attorney's fees.


CONCLUSION

 Having overruled both parties' issues on appeal, we affirm the district court's
judgment.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: October 10, 2002

Publish