Opinion issued December 28, 2006 

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01109-CV






LUCILLE R. KELLEY, Appellant


V.


TEXAS WORKFORCE COMMISSION; DIANE D. RATH, CHAIR; RON
LEHMAN, COMMISSIONER; RONALD G. CONGLETON,
COMMISSIONER; HUMBLE INDEPENDENT SCHOOL DISTRICT; DR.
MARY WIDMIER; AND ALICIA BOSTON-MACE, Appellees






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2004-41518






MEMORANDUM OPINION

 After the Texas Workforce Commission ("the Commission") denied appellee
Lucille R. Kelley's applications (claim numbers 487817 and 534526) for
unemployment benefits, Kelley sought judicial review of the Commission's decisions
in Harris County district court. The Commission filed a plea to the jurisdiction,
which the trial court granted. This appeal followed. See Tex. Civ. Prac. &
Rem.Code Ann. § 51.014(a)(8) (Vernon Supp. 2006). We affirm.

BACKGROUND

 A party seeking judicial review of a Commission decision must bring her action
not later than 14 days after the Commission's decision becomes final. Tex.
Lab.Code Ann. § 212.201(a) (Vernon 1996). A Commission decision becomes final
14 days after it is mailed to the parties. Id. § 212.153 (Vernon 1996). 

Claim number 534526

 The Commission mailed its final decision in claim number 534526 on May 11,
2004. Thus, the decision in claim number 534526 became final 14 days later, on May
25, 2004. Accordingly, Kelley was required to seek judicial review of the
Commission's decision in claim number 534526 by June 8, 2004--14 days after the
Commission's decision became final.

Claim number 487871

 The Commission mailed its final decision in claim number 487871 on July 27,
2004. Thus, the decision in claim number 487871 became final 14 days later, on
August 10, 2004. Accordingly, Kelley was required to seek judicial review of the
Commission's decision in claim number 487871 by August 24, 2004--14 days after
the Commission's decision became final.

Kelley's Lawsuit

 Kelley's suit for judicial review was filed on August 4, 2004. The suit did not
name the District as a defendant, even though the District had been a defendant in the
proceedings before the Commission. On September 30, 2004, Kelley amended her
petition to include the District as a defendant.

The Plea to the Jurisdiction

 The Commission filed a plea to the jurisdiction contending (1) that Kelley's
August 4, 2004 petition did not properly invoke the jurisdiction of the trial court
because it failed to name the District as a defendant, and (2) that Kelley's attempt to
amend her petition on September 30, 2004, came too late. The Commission's plea
is based upon section 212.201 of the Texas Unemployment Act, which provides:

 (a) A party aggrieved by a final decision of the commission may obtain
judicial review of the decision by bringing an action in a court of
competent jurisdiction for review of the decision against the commission
on or after the date on which the decision is final, and not later than the
14th day after that date.


 (b) Each other party to the proceeding before the commission must be 
made a defendant in an action under this subchapter.


Tex. Lab. Code Ann. § 212.201 (Vernon 1996). The trial court granted the
Commission's plea to the jurisdiction.

PLEA TO THE JURISDICTION

 Whether a district court has subject-matter jurisdiction is a question of law,
which we review de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998).

Is Section 212.201 jurisdictional?

 We must begin our analysis by first determining whether compliance with the
provisions of section 212.201 is jurisdictional. Failure of a party to comply with
statutory requirements is not necessarily an absolute bar to review of an agency
determination. Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex.2000),
(overruling Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926)). Some statutory
prerequisites, however, remain jurisdictional. Sierra Club v. Texas Natural Res.
Conservation Comm'n, 26 S.W.3d 684, 687 (Tex. App.--Austin 2000), aff'd on other
grounds, 70 S.W.3d 809 (Tex. 2002).

 In Heart Hosp. IV v. King, the Austin Court of Appeals held that section
212.201 of the Labor Code is a "jurisdictional statutory prerequisite and a party's
failure to comply with it deprives the trial court of jurisdiction to review the
Commission's decision." 116 S.W.3d 831, 835 (Tex. App.--Austin 2003, pet.
denied). Likewise, this Court, citing Heart Hospital, has held that a similar provision
of the Labor Code is jurisdictional. See Carrington v. Tex. Workforce Comm'n, No.
01-04-00424-CV, 2006 WL 66455, *2 (Tex. App.--Houston [1st Dist.] Jan. 12, 2006,
no pet.) (holding the 14-day deadline for appealing initial denial of benefits
determination, found in section 208.23 of Labor Code, jurisdictional).

Did Kelley comply with section 212.201?

 Having determined that the provisions of section 212.201 are jurisdictional, we
next must decide whether Kelley complied with section 212.201 when she filed her
petition for judicial review.

 Claim number 534526

 We have already stated that Kelley was required to seek judicial review of the
Commission's decision in claim number 534526 by June 8, 2004--14 days after the
Commission's decision became final. However, she did not file her petition for
review until August 4, 2004--almost two months past the 14-day deadline. 
Additionally, Kelly's August 4 petition did not name the District as a defendant, even
though the District had participated in the proceedings before the Commission. 
Accordingly, Kelley's petition for judicial review failed to invoke the trial court's
jurisdiction because it did not comply with either (1) section 212.201(a), which
requires that suit for judicial review be filed within 14 days of the day the
Commission decision becomes final, or (2) section 212.201(b), which requires that
all parties to the proceedings before the Commission be named as defendants in the
petition for judicial review. For these two reasons, the trial court did not err in
granting the Commission's plea to the jurisdiction as it relates to claim 534526.

 Claim number 487871

 We have already stated that Kelley was required to seek judicial review of the
Commission's decision in claim number 487871 by August 24, 2004--14 days after
the Commission's decision became final. Kelley's petition for review was filed on
August 4, 2006. As such, Kelley's petition for review appears to meet the 14-day
requirement for filing a petition for judicial review. 

 However, Kelley's August 4, 2004 petition did not name the District as a party. 
As such, Kelley's August 4, 2004 petition does not meet the requirements of section
212.201(b), which requires that all parties to the proceedings before the Commission 
be named as defendants in the petition for judicial review. 

 Kelley, however, argues that her September 30, 2004 amended petition cures
this pleading defect. We disagree. "[I]f an employer who was a party to the
proceedings before the Commission was not made a defendant within the statutory
time limit, the petition may not be amended thereafter to cure the jurisdictional
defect." Wren v. Tex. Employment Comm'n, 915 S.W.2d 506, 509 (Tex.
App.--Houston [14th Dist.] 1995, no writ). Because Kelley did not amend her
petition until September 30, 2004--over a month after the statutory deadline for filing
a petition for judicial review had passed--her attempted amendment comes too late. 
Accordingly, the trial court did not err in granting the Commission's plea to the
jurisdiction as it relates to claim number 487871.

CONCLUSION

 We hold that the requirements of section 212.201 of the labor code are
jurisdictional prerequisites for seeking judicial review. Because Kelley failed to file
(in claim 534526) or amend (in claim 487871) her petition for judicial review of
claim within the 14-day time frame set forth in this section, the district court was
without jurisdiction to consider her cause. Accordingly, we affirm the judgment of
the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.