NORTHBROOK NATIONAL INSUR-
ANCE COMPANY, Appellant,

v.

Fred A. GOODWIN, Appellee.

No. 01–84–00208–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Rehearing Denied Sept. 20, 1984.

Arlen D. Bynum, Dallas, for appellant.

Jerry Pusch, Dudensing & Webb, Houston, for appellee.

Before EVANS, C.J., and WARREN and BASS, JJ.

## OPINION

EVANS, Chief Justice.

The defendant, Northbrook National Insurance Company, appeals from a judgment entered on a jury verdict, pursuant to the Texas Workers' Compensation Act.

The judgment awarded the plaintiff payment for total and permanent disability and also awarded the sum of $10,500.00 for his medical expenses. We affirm.

On October 1, 1981, the plaintiff, an employee of Mobile Concrete, Inc., was driving one of his employer's cement trucks when he had to take evasive action to avoid a collision with an oncoming vehicle. The plaintiff testified that because the truck was low on power steering fluid, he had to make considerable exertion to turn the steering wheel, and that immediately after making the turn, he felt severe chest pains, broke into a sweat, and was so weak that he had to stop the truck. He then slid to the ground beside the truck and could not get up.

The plaintiff was taken to a hospital where physicians performed a heart catherization, revealing a serious coronary occlusion, *i.e.* blockage of the arteries that supply the heart with blood. This occlusion required immediate bypass surgery. Later, the plaintiff filed his initial claim for compensation under the Workers' Compensation Act, stating that he had suffered a "heart attack."

In his first five points of error, the defendant challenges the sufficiency of the evidence to support the jury's findings that the plaintiff suffered, in the course and scope of his employment, a compensable accidental injury that was a producing cause of physical damage or harm. These points of error complain only of the trial court's action in entering a judgment, and therefore raise only "no evidence" questions. *Chemical Cleaning, Inc. vs. Chemical Cleaning & Equipment Service, Inc.,* 462 S.W.2d 276 (Tex.1970).

In reviewing no evidence points, we must consider "only the evidence and inferences tending to support the finding, and disregard all evidence and inferences to the contrary." *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). Thus, we apply this standard in considering the defendant's first five points of error.

The defendant contends that there is no evidence to support the jury's finding that the only conclusion which may be drawn from the medical testimony is that there was no causation and no physical damage. In support of this contention, the defendant points to the testimony of plaintiff's only medical expert, Dr. Abdul Ali, a cardiologist. Dr. Ali testified that the plaintiff's heart catherization showed severe coronary occlusion; that this was the result of an accumulation of cholesterol over an unspecified period of time; that the absence of any physical damage to the heart muscle itself indicated that the plaintiff had suffered an angina attack, (temporary constriction of the heart arteries); that coronary occlusion "causes" angina in that it makes a patient susceptible to angina attacks; and that angina is symptomatic of a coronary occlusion.

The defendant's contention overlooks further explanation by the medical expert. Dr. Ali also testified, unequivocally, that in all reasonable medical probability the plaintiff's exertion in turning the unpowered steering of the truck was the exact, specific cause of the angina attack in question.

A neighbor of the plaintiff testified that the plaintiff was generally in good health and had a high activity level prior to the angina attack and that this condition worsened substantially after the attack.

The Texas Supreme Court has defined the term "accidental injury," as used in the Workers' Compensation Act, as follows:

By the term "accidental injury" ... is meant an undesigned, unforseen, or unexpected occurrence or mishap, causing damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom and which can be traced to a definite time, place and cause.

*Texas Employer's Insurance Association v. McKay*, 146 Tex. 569, 210 S.W.2d 147, 150 (1948).

A heart attack caused by strain or exertion has been held to constitute an accidental injury to the physical structure of the body within the meaning of the Act.

*Baird v. Texas Employer's Insurance Association*, 495 S.W.2d 207, 210 (Tex.1973). The claimant must, however, prove some causal connection between the strain or exertion and the heart attack itself; that is, the strain or exertion must either be the sole or contributing (producing) cause of the heart attack. *Baird v. Texas Employer's Insurance Association, supra; Jackson v. Liberty Mutual Insurance Company*, 580 S.W.2d 70 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.).

The Workers' Compensation Act is to be construed liberally in favor of the claimant, *Dotson v. Royal Indemnity Company*, 427 S.W.2d 150, 156 (Tex.Civ. App.—Ft. Worth 1968, writ ref'd n.r.e.), and if reasonable doubt arises in a particular case regarding the injured employee's right to compensation, that doubt should be resolved in favor of such right. *Bailey v. American General Insurance Company*, 279 S.W.2d 315 (Tex.1955). Applying this standard of review, we conclude that the term "heart attack" is not restricted to serious forms of dysfunction involving lasting physical damage to the heart muscle, and in the case at bar, that the test is whether the strain or exertion caused some form of cardiac injury to the plaintiff.

As stated above, Dr. Ali testified that in all reasonable medical possibility, the plaintiff's exertion was the sole cause of the angina attack, and it is undisputed that the angina attack, being life threatening and potentially fatal, required the plaintiff to undergo a heart catherization and cardiac bypass surgery. Although a fact finder could possibly have reached a different conclusion from the doctor's testimony, it was in the jury's discretion to weigh and consider all the testimony, and to accept that which it found most credible. We conclude that the jury's findings are supported by some competent evidence of probative force, and we accordingly overrule the defendant's first five points of error.

We also overrule the defendant's sixth point of error in which it contends that a fatal variance existed between the

plaintiff's initial claim that he suffered a "heart attack" and his pleading and proof at trial.

■ The purpose of the claim procedure under the Workers' Compensation Act is to notify the employer and the insurance carrier of an accidental injury during the course and scope of employment, so that the employer may promptly conduct an investigation and dispose of the employee's claim. *Johnson v. American General Insurance Company*, 464 S.W.2d 83 (Tex. 1971). The claim in the instant case placed the employer on notice of the manifestation of a coronary problem, and it gave the employer information as to the general basis for the claim. We conclude that it would be unreasonable to require a claimant, under the circumstances here present, to identify the nature of the condition in the appropriate medical category, as contended by the defendant.

The judgment of the trial court is affirmed.