TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00292-CV






Nancy J. Feagley, Appellant



v.



Texas Workers' Compensation Commission, et al., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 97-01604, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING






 Nancy J. Feagley (Feagley) sued for a declaratory judgment against the Texas
Workers' Compensation Commission (TWCC) and others. (1) The trial court dismissed her suit for
want of jurisdiction. We will affirm the trial court's judgment on different grounds.


Factual and Procedural Background



 Clyde Feagley, a resident of Tarrant County, died in January 1992. His surviving
spouse, Nancy, filed a claim for death benefits with the TWCC. A contested case hearing was
held in November 1996. The hearing officer found that Clyde Feagley had developed adult
respiratory distress syndrome and chemical pneumonia due to occupational exposure to sulfuric
acid, which, along with severe heart disease, caused his death. The hearing officer awarded death
benefits to Feagley. The insurance carrier appealed to the TWCC appeals panel. See Tex. Labor
Code Ann. § 410.202 (West 1996) (Labor Code). The appeals panel reversed the hearing
officer's decision and remanded the matter for consideration of the application of Labor Code
section 408.008, the "heart attack" rule. (2) After the second hearing, the hearing officer concluded
that Clyde Feagley died of a non-compensable heart attack and denied death benefits. Feagley
again appealed to the appeals panel, which affirmed the decision of the hearing officer. Feagley
filed suit for judicial review in the Tarrant County district court, which has venue of Feagley's
suit for judicial review of an appeals panel decision denying death benefits. See Labor Code
§ 410.252 (party seeking judicial review must file petition in county where employee resided at
time of death); Rodriguez v. Service Lloyd's, Inc., 997 S.W.2d 248, 253 (Tex. 1999). Our record
does not reflect a decision in that pending Tarrant County cause.

 Feagley does not dispute that under the statute a benefits case concerning Clyde
Feagley's death must be brought in Tarrant County where he lived. Nevertheless, Feagley also
filed a petition for judicial review in Travis County seeking relief from the panel's decision to
remand for a second hearing. (3) After the panel's second decision denying benefits, Feagley
amended her Travis County pleading and requested the declaratory relief she seeks here. Feagley
argues that her action in Travis County is not a suit seeking judicial review of a decision of the
appeals panel concerning death benefits but is instead an action seeking a declaratory judgment
against the TWCC. The Travis county trial court dismissed Feagley's action for want of
jurisdiction.

 Feagley raises two issues on appeal: (1) the trial court abused its discretion by
dismissing her cause for want of jurisdiction, and (2) this Court has a duty to reverse the first
appeals panel decision and reinstate the first hearing officer's decision or, in the alternative, to
reverse the second appeals panel decision and remand to the second hearing officer "for
meaningful findings of fact and conclusions of law and the proper application of law."

 Appellees respond that, no matter how labeled, Feagley's suit in Travis County 
seeks judicial review of a death benefits decision and that action must be brought in Tarrant
County. We agree.


Suits for Declaratory Judgments and Suits for Judicial Review



 When a statute provides a specific method for attacking an agency order, a
declaratory judgment action directed at that order will not lie. See Young Chevrolet, Inc. v. Texas
Motor Vehicle Bd., 974 S.W.2d 906, 911 (Tex. App.--Austin 1998, pet. denied); Ben Robinson
Co. v. Texas Workers' Compensation Comm'n, 934 S.W.2d 149, 153 (Tex. App.--Austin 1996,
writ denied). In general, a litigant is not entitled to redundant remedies. See Young Chevrolet,
974 S.W.2d at 911; cf. Ben Robinson, 934 S.W.2d at 153 (declaratory judgment directed at
constitutional validity of a program, rather than agency order itself, permissible); Lopez v. Texas
Worker's Compensation Ins. Fund, No. 03-99-229-CV, slip op. at 6-7 (Tex. App.--Austin
February 3, 2000, no pet. h.) (declaratory judgment seeking construction of statute relating to
timing of payments maintainable in Travis County while suit over denial of benefits proceeded in
worker's county of residence). Neither the Administrative Procedures Act nor the Uniform
Declaratory Judgments Act creates an independent cause of action or right of judicial review. (4) 
See Chenault v. Philips, 914 S.W.2d 140, 141 (Tex. 1996); Employees Retirement Sys. v. Foy,
896 S.W.2d 314, 316 (Tex. App.--Austin 1995, writ denied).

 If a worker's compensation dispute involves compensability or eligibility for, or
the amount of, income or death benefits, a district court reviews the appeals panel decision under
a modified de novo standard. See Rodriguez, 997 S.W.2d at 253; Texas Workers' Compensation
Comm'n v. Garcia, 893 S.W.2d 504, 528 (Tex. 1995); Labor Code § 410.301. The employee's
county of residence determines which district court hears the appeal. See Rodriguez, 997 S.W.2d
at 253; Labor Code § 410.252. If a workers' compensation dispute concerns a matter other than
compensability or eligibility for, or the amount of, income or death benefits, a party must appeal
the final decision of the Workers' Compensation Commission, if it is appealable at all, to the
district court in Travis County for a substantial evidence review. See Rodriguez, 997 S.W.2d at
253.

 The trial court dismissed Feagley's suit for want of jurisdiction. In a plea to the
jurisdiction, the trial court must base its decision solely on the well-pleaded allegations in the
plaintiff's pleadings. See Brannon v. Pacific Employers Ins. Co., 224 S.W.2d 466, 469 (Tex.
1949); Firemen's Ins. Co. v. Board of Regents of Univ. of Tex. Sys., 909 S.W.2d 540, 541 (Tex.
App.--Austin 1995, writ denied). Similarly, on appeal from an order granting a plea to the
jurisdiction, the appellate court will consider the issue de novo, basing its decision solely on the
allegations in the plaintiff's petition. See City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 753
(Tex. App.--Austin 1998, no pet.); Fireman's, 909 S.W.2d at 542. Although we accept the factual
allegations in the petition as true, we are bound neither by the legal conclusions nor by any
illogical factual conclusions that plaintiffs draw from the facts pleaded. See Firemen's, 909
S.W.2d at 542.

 Feagley's first amended petition is the live pleading in the cause. Feagley alleged,
among other assertions, that the TWCC abused its discretion, acted arbitrarily, and contravened
its statutory authority by requiring the hearing officer to apply the heart attack rule, by denying
death benefits, by reversing the first officer's decision, by not finding that an inhalation injury to
her husband's lungs was a producing cause of his death, by affirming the second hearing officer's
ruling, and by not requiring more detailed findings of fact. She sought a declaratory judgment
as to the truth of her allegations so as to render the appeals panel's decision unconstitutional, void,
in contravention of section 410.204 of the Labor Code, and unenforceable. She also filed a
motion for declaratory judgment asking the court to reverse the first appeals panel's decision and
reinstate the first hearing officer's ruling or reverse the second appeals panel ruling. We now
consider the various grounds urged by Feagley for maintaining this cause in Travis County.


Not seeking judicial review of appeals panel decision 


 In her brief on appeal, Feagley contends that her Travis County suit seeks only a
declaratory judgment concerning the TWCC's interpretation and application of statutes and
administrative rules, not judicial review of a final decision of the appeals panel regarding
compensability for death benefits. At the same time, Feagley asks the court to declare her right 
to recover death benefits. She asks this Court to reverse the dismissal and render judgment
reversing the first appeals panel decision, reinstating the first hearing officer's decision granting
her benefits, and declaring the second hearing officer's decision moot. A review of the allegations
in her brief on appeal and in her pleadings reveals an attack on the appeals panels' decisions. 
Nancy Feagley states that she "has suffered and will continue to suffer severe and irreparable
harm as a result of the Texas Workers' Compensation Commission Appeals Panels' decisions." 
(Emphasis added.) (5)

 Feagley complains that the appeals panel improperly construed and incorrectly
applied the heart attack rule, which imposed a more onerous burden of proof that she would have
had under Labor Code section 408.181; (6) that is, she argues that the appeals panel impermissibly
made it more difficult for her to receive death benefits than it should have under her interpretation
of the law. We cannot characterize this action as anything other than a death benefits case. See
Rodriguez, 997 S.W.2d at 254 (challenge to impairment rating is dispute about income benefits
because impairment rating affects eligibility for and amount of income benefits). Although this
Court accepts as true the factual allegations in Feagley's pleadings, we are not bound by the form
of those pleadings; that Feagley has used the language of the Administrative Procedures Act and
Declaratory Judgments Act to attack an appeals panel decision denying death benefits does not
change the substantive nature of her action.


Deprivation of judicial review of improper agency actions


 As a reason for maintaining her action in Travis County, Feagley makes an
equitable argument that she is entitled to a declaratory judgment because she cannot otherwise
challenge the improper agency actions in her Tarrant County suit for judicial review of the appeals
panel decision. She urges the proposition that without a declaratory judgment action she will be
deprived of any forum for review. We disagree.

 Although the hearing officer stated that one of the issues for consideration at the
first contested case hearing was whether Clyde Feagley died of a compensable heart attack, he
neither applied nor explained his failure to apply the heart attack rule. The appeals panel
remanded the case with instructions to the hearing officer to review the evidence in light of the
heart attack rule and analyze whether the preponderance of the medical evidence regarding Clyde
Feagley's death showed that his work, i.e., the chemical exposure, caused his death rather than
the natural progression of his heart condition.

 The second appeals panel decision specifically addressed Feagley's complaint that
the scope of the remand had been improperly limited and the wrong section of the Labor Code
applied. The decision noted that, at the second contested case hearing, Feagley argued that Clyde
Feagley's death was compensable under either potentially applicable section. The panel stated that
the hearing officer could have considered the evidence, given greater credibility to the evidence
offered by the claimant's doctors, and determined that chemical inhalation injury rather than the
natural progression of his heart condition caused the death. Accordingly, it appears the issue of
the proper legal standard applicable to the facts presented was preserved for review, and Feagley
may urge the issue of the proper application of the heart attack rule in her Tarrant County suit for
judicial review. See Labor Code § 410.302 (issues must be decided by appeals panel to be
preserved for judicial review).


Appeals Panel Engaged in Rulemaking


 Finally, woven through Feagley's brief on appeal and pleadings at trial is the
complaint that the appeals panel improperly engaged in ad hoc rulemaking and thus the
Administrative Procedures Act authorizes a declaratory judgment. We conclude that the appeals
panel did not engage in rulemaking.

 In the proceeding at issue, the appeals panel acted in an adjudicatory capacity in
reviewing the results of a contested case hearing. It determined the rights, duties, or privileges
of the parties before it. See Best & Co. v. Texas State Bd. of Plumbing Examiners, 927 S.W.2d
306, 309 n.1 (Tex. App.--Austin 1996, writ denied). It made no statements of general application
in its decisions. The first appeals panel decision reviewed sharply conflicting expert medical
evidence as to the cause of Clyde Feagley's death. The pathologist who performed the autopsy
stated that Clyde Feagley had bacterial pneumonia, that his reported symptoms did not indicate
a chemically induced pneumonia, that his heart was twice its normal size, and that he died of heart
disease. There was also expert testimony that any chemical injury had resolved itself and did not
cause death. However, there was also diametrically opposed expert testimony that the chemical
injury caused his death. The remand was based on the specific facts of Clyde Feagley's case, that
is, although the evidence showed one cause of his death could have been a heart condition, the
first hearing officer failed to consider whether Clyde Feagley's death may have resulted from that
heart condition. The appeals panel decisions in no way suggest the panel was formulating any
rule or principle of general applicability.

 Inasmuch as the TWCC was not engaged in rulemaking, there is no basis for a
declaratory judgment under the Administrative Procedures Act. Even had any ad hoc rulemaking
occurred, Rodriguez suggests that issue could be reviewed in the suit for judicial review of the
appeals panel decision concerning benefits. See Rodriguez, 997 S.W.2d at 354-56 (reviewing
question whether appeals panels had, through contested case decisions, improperly engaged in ad
hoc rulemaking by creating certain exceptions to a TWCC rule).

Subject Matter Jurisdiction


 The TWCC sought dismissal, Feagley defended, and the trial court ruled on the
basis that the venue provisions in the worker's compensation statutes are jurisdictional. At the
time of trial, longstanding Texas law had held that the district court derives its subject matter
jurisdiction over a statutory cause of action from the statute itself as opposed to its inherent power
of general jurisdiction and that failure to follow the mandatory provisions of the statute deprives
the court of jurisdiction. See Mingus v. Wadley, 285 S.W. 1084, 1087-89 (Tex. 1926). The
Texas Supreme Court recently overruled Mingus to the extent that it characterized the failure to
establish a statutory prerequisite as jurisdictional. See Dubai Petroleum Co. v. Sabiha Alimuddin
Kazi, 43 Tex. Sup. Ct. J. 412, 414 (Feb. 10, 2000). Every district court has jurisdiction of the
subject matter of this suit because such an action is within its constitutional jurisdiction. The
question becomes whether the party has demonstrated its right to the relief sought. Although all
concerned framed their positions in terms of subject matter jurisdiction, we have considered those
arguments in light of Dubai, in the context of whether Feagley established her right under the
statute to go forward with this suit. We hold the court properly dismissed the action because
Feagley did not demonstrate her right under the statute to maintain and go forward with this suit
and seek her remedy or relief in Travis County. See Dubai, 43 Tex. Sup. Ct. J. at 415 (right of
plaintiff to maintain suit, while often treated as a question of subject matter jurisdiction, in reality
goes to right of plaintiff to relief under statute; court nevertheless considered issue on appeal
under correct analysis).

 In her second issue, Feagly also asks this court to render a judgment reversing the
TWCC appeals panels decisions and either reinstate the first hearing officer's decision or remand
to the TWCC. The Act does not provide either remedy for actions involving compensability,
income or death benefits. Feagley is not entitled to pursue hybrid review and relief in two district
courts. See Young Chevrolet, 974 S.W.2d at 911 (not entitled to redundant remedies). She must
seek relief in Tarrant County.


Conclusion



 We have reviewed the grounds urged by Feagley for maintaining this cause in
Travis County. We find none of them persuasive, and overrule her issues presented. 
Accordingly, we affirm the judgment of the trial court dismissing the cause.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: March 9, 2000

Do Not Publish

1. The other appellees are: Todd K. Brown, Jack E. Abla, Ramon Class, O.D. Kenemore,
Royce Faulkner, Richard F. Reynolds, Donna Lynn Snyder, Thomas A. Knapp, Philip F.
O'Neill, Christopher L. Rhodes, David Lewallen, Mike Renfro, The Standard Fire Insurance
Company, and Bell Helicopter Textron, Inc.
2. Section 408.008 sets out specific criteria for deciding if a death involving a heart attack is
compensable. See Labor Code § 408.008. In workers' compensation law, "heart attack" is not
given a technical meaning such as "myocardial infarction." See Northbrook Nat'l Ins. Co. v.
Goodwin, 676 S.W.2d 451, 453 (Tex. App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.) (angina);
Hartford Accident & Indem. Co. v. Thurmond, 527 S.W.2d 180, 188 (Tex. Civ. App.--Corpus
Christi 1975, writ ref'd n.r.e.).
3. Although Feagley asserts in her brief on appeal that the trial court refused to act on her suit
because she failed to exhaust her administrative remedies, there is no order dismissing or abating
the cause on that or any other basis. The record reflects only a docket sheet notation showing that
a requested temporary restraining order was denied.
4. Administrative Procedures Act, Tex. Gov't Code Ann. §§ 2001.001-2001.902 (West 2000);
Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code §§ 37.001-.011 (West 1997).
5. Feagley's petition then goes on in thirty-five numbered paragraphs to raise specific
complaints directed at alleged errors in the appeals panels' decisions.
6. "An insurance carrier shall pay death benefits to the legal beneficiary if a compensable
injury to the employee results in death." Tex. Labor Code Ann. § 408.181(a) (West 1996).


on. See Mingus v. Wadley, 285 S.W. 1084, 1087-89 (Tex. 1926). The
Texas Supreme Court recently overruled Mingus to the extent that it characterized the failure to
establish a statutory prerequisite as jurisdictional. See Dubai Petroleum Co. v. Sabiha Alimuddin
Kazi, 43 Tex. Sup. Ct. J. 412, 414 (Feb. 10, 2000). Every district court has jurisdiction of the
subject matter of this suit because such an action is within its constitutional jurisdiction. The
question becomes whether the party has demonstrated its right to the relief sought. Although all
concerned framed their positions in terms of subject matter jurisdiction, we have considered those
arguments in light of Dubai, in the context of whether Feagley established her right under the
statute to go forward with this suit. We hold the court properly dismissed the action because
Feagley did not demonstrate her right under the statute to maintain and go forward with this suit
and seek her remedy or relief in Travis County. See Dubai, 43 Tex. Sup. Ct. J. at 415 (right of
plaintiff to maintain suit, while often treated as a question of subject matter jurisdiction, in reality
goes to right of plaintiff to relief under statute; court nevertheless considered issue on appeal
under correct analysis).

 In her second issue, Feagly also asks this court to render a judgment reversing the
TWCC appeals panels decisions and either reinstate the first hearing officer's decision or rema