United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20049
Summary Calendar
_____

ALEXANDRA SIMOTAS, M.D.,

Plaintiff-Appellant,

versus

KELSEY-SEYBOLD,

Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of Texas
No. 4:04-CV-3549

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Dr. Alexandra Simotas appeals the district court's grant
of summary judgment on her ADA claim against her former employer.
As the claim is time-barred, the district court's ruling is
AFFIRMED.

## I.  BACKGROUND

Simotas previously was employed as a physician by Kelsey-
Seybold Medical Group, P.A. ("Kelsey-Seybold") in Houston, Texas.
On September 10, 2002, after Simotas had been on leave for several

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

months, Kelsey-Seybold sent a letter informing her that her leave had expired as she was "terminated effective today...without notice and with thirty (30) days [sic] pay." Simotas received the letter on September 12, 2002. Also on September 12, Kelsey-Seybold notified Simotas's attorneys of the discharge.

On August 8, 2003, 332 days after her termination, Simotas submitted a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC"). The EEOC dismissed the charge as untimely and issued a notice of right to sue. Simotas filed this lawsuit, asserting a violation of the Americans with Disabilities Act ("ADA") in the Southern District of Texas. The district court granted Kelsey-Seybold's motion for summary judgment on November 30, 2005. Simotas filed a motion for reconsideration, which the district court denied. This appeal followed.

## II.  DISCUSSION

### A.  Summary Judgment

We review a district court's grant of summary judgment de novo, applying the same standards as the trial court. MacLachlan v. ExxonMobil Corp., 350 F.3d 472, 478 (5th Cir. 2003). A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Facts are

2

material only if they "might affect the outcome of the suit under the governing law....Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

The ADA incorporates the enforcement procedures of Title VII of the Civil Rights Act of 1964, set forth in 42 U.S.C. § 2000e-5. See 42 U.S.C. § 12117. Before pursuing a claim, a plaintiff must file a timely charge of discrimination with the EEOC. Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996)(per curiam). In a "deferral state" such as Texas, the charge must be filed within 300 days. 42 U.S.C. § 2000e-5(e)(1); Tyler v. Union Oil Co. of Cal., 304 F.3d 379, 384 (5th Cir. 2002).

The discriminatory act of which Simotas complains is the termination of employment. Simotas admitted receiving the letter informing her of the termination on September 12, 2002, and her counsel received notice that same day. Simotas did not file her EEOC charge until August 8, 2003, well over 300 days later.

The fact that she received thirty days' pay with her termination does not extend the filing period. The relevant date for determining the beginning date for the limitations period is the day the employee learns that the challenged decision has been made, not when she feels the effects of that decision. See Chardon v. Fernandez, 454 U.S. 6, 8, 102 S. Ct. 28, 29 (1981)(per curiam)(statute of limitations began to run when plaintiffs learned of the decision to terminate, not when their appointments ended);

3

<u>Del. State Coll. v. Ricks</u>, 449 U.S. 250, 257-59, 101 S. Ct. 498, 504 (1980) (limitations period began to run when plaintiff was notified of the denial of tenure, not on the date his employment ended); <u>Rhodes v. Guiberson Oil Tools Div.</u>, 927 F.2d 876, 878 (5th Cir. 1991)("filing period begins when the employee receives notice of discharge."). Even if the payment extended her employment, "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." <u>Ricks</u>, 449 U.S. at 257, 101 S. Ct. at 504.[1]

For the first time on appeal, Simotas argues that the limitations period should be equitably modified. Arguments not made before the district court are waived and will not be considered on appeal. <u>Jethroe v. Omnova Solutions, Inc.</u>, 412 F.3d 598, 601 (5th Cir. 2005). Moreover, Simotas can point to no recognized basis for equitable modification, nor can she put forth evidence to justify a modification. As Simotas has the burden of proving any grounds for equitable modification, her claim must fail. <u>See</u> <u>Rhodes</u>, 927 F.2d at 879.

## B. Attorneys' Fees

Kelsey-Seybold moves for attorneys' fees under either Federal Rule of Appellate Procedure 38 or 42 U.S.C. § 2000(e)-5(k),

---

[1] Simotas also contends, and Appellee agrees, that the court mistakenly held her motion for reconsideration to be untimely. Even if true, this error was harmless, as Simotas failed to explain why her affidavit was not filed in conjunction with initial consideration of summary judgment, and the affidavit even if considered, does not dispute that her attorneys were informed on September 12 of her termination. <u>See</u> <u>In re Cueva</u>, 371 F.3d 232,234 (5th Cir. 2004).

4

which is incorporated into the ADA by 42 U.S.C. § 12117. While Simotas presents a fundamentally incorrect understanding of the law, we decline to say that her claims were "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978). Additionally, a portion of the appeal sprang from the district court's error in calculating the applicable time limitation regarding the motion for reconsideration. Although we affirm the judgment of the district court, the appeal was not entirely frivolous.

## III. CONCLUSION

The district court properly dismissed Simotas's employment discrimination action as time barred.

Its judgment is **AFFIRMED.**