# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2011

No. 10-60872
Summary Calendar

Lyle W. Cayce
Clerk

PAULA BRADSHAW,

Plaintiff-Appellant

v.

CITY OF GULFPORT, MISSISSIPPI; JIM COWAN, in his official and personal capacities,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CV-743

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paula Bradshaw filed suit against the City of Gulfport, Mississippi, for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* The district court dismissed the federal claims as time-barred since Bradshaw failed to file within 90 days of receiving her "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC"). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60872

Paula Bradshaw is a former employee of the City of Gulfport. In December 2008, Bradshaw filed with the EEOC a charge of employment discrimination against the City after she allegedly found a hangman's noose hanging in her office in March of that year. The EEOC dismissed the charge as untimely and issued a right to sue letter on December 16, 2008. Bradshaw alleged that in retaliation for her filing this first complaint, the City subsequently fired her on January 21, 2009. As a result, Bradshaw filed a second charge with the EEOC on February 12, and contemporaneously appealed her termination to the City's Civil Service Commission ("CSC"). On June 16, 2009–before the CSC completed its review of Bradshaw's appeal–the EEOC issued a right to sue letter, which informed Bradshaw that she had 90 days from the receipt of the letter to bring a civil action. Bradshaw filed suit on October 28, 2009. The district court dismissed the Title VII allegations of the suit as time-barred.[1] Bradshaw now appeals.

We review rulings on motions for summary judgment de novo, applying the same standard as the district court. *King v. Ill. Cent. R.R.*, 337 F.3d 550, 553 (5th Cir. 2003). A court may only grant summary judgment if there is no genuine issue of material fact, such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

Title VII prohibits retaliation by employers against employees who have filed a charge of discrimination. *Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 475 (5th Cir. 2005) (citing 42 U.S.C. § 2000e-3(a)). An employment discrimination plaintiff may not, however, bring suit unless he timely files a charge of discrimination with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Once the EEOC issues a statutory notice of right to sue, a plaintiff has 90 days to file suit. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d

---

[1] The court also dismissed her claims against appellant Cowan with prejudice and her state law claims without prejudice. These rulings are not appealed.

No. 10-60872

1188, 1191 (5th Cir. 1992).  Importantly, the requirement to file a lawsuit within the 90-day limitation period is not jurisdictional, but rather a statutory precondition to filing suit.  *Taylor*, 296 F.3d at 379-80.  As a result, it is subject to doctrines such as equitable tolling.  *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003).

On appeal, Bradshaw argues that the limitations period for her claim was equitably tolled.  She does not, however, claim that any of the recognized bases for equitable tolling in Title VII cases are applicable in her case.[2]  Rather, Bradshaw cites a raft of regulations not raised before the district court to support her theory that the limitations period should have been equitably tolled until the CSC completed its review of her case.  Since Bradshaw failed to present this theory before the district court, it is not our place to consider it for the first time on appeal.  *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 313 (5th Cir. 2005).  Accordingly, the district court properly concluded that Bradshaw's suit, which was filed on October 28, 2009, was untimely.

The judgment of the district court is

**AFFIRMED.**

---

[2] The Fifth Circuit recognizes three potential bases for equitably tolling the 90-day limitations period: (1)  the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003).