# IN THE SUPREME COURT OF TEXAS

══════════
No. 10-0353
══════════

PRAIRIE VIEW A&M UNIVERSITY, PETITIONER,

v.

DILJIT K. CHATHA, RESPONDENT

══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
══════════════════════════════════════════════

**Argued December 6, 2011**

CHIEF JUSTICE JEFFERSON, joined by JUSTICE LEHRMANN, dissenting.

"Jurisdiction" is a term of profound consequence. Without it, a court lacks the power of adjudication. With it, a court may bind parties to a judgment. In the past, Texas courts have used the term casually, calling statutory mandates "jurisdictional" without thinking critically about its technical meaning. Our recent attempts to define the term with greater precision suggest an outcome at odds with the Court's disposition in this case. The Court's holding today is a step backwards and, for that reason, I respectfully dissent.

The Court holds that Chatha's complaint was untimely because the 180-day limitations period begins "when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d

490, 493 (Tex. 1996) (per curiam). But before a court can announce a decision on the merits, it must have the power to decide.

According to the Court, the court of appeals can decide this interlocutory appeal because a timely administrative complaint is a statutory prerequisite to filing a civil suit. If it is truly a prerequisite to suit, then the trial court has no power to hear the case. If the trial court rejects the government's jurisdictional plea, then a statute gives the court of appeals authority to rule on this non-final trial court order.[1]

But if, as I contend, a timely administrative complaint is *not* a statutory prerequisite, then the government must win or lose the old-fashioned way—on the merits. And if I am right about that, then it is not the *trial court* that lacks jurisdiction. *We* lack jurisdiction.[2] A close reading of our cases, the statute, and U.S. Supreme Court precedent compels that we dismiss this case because we do not have authority to decide it.

## I.     Is the 180-day limitations period a "statutory prerequisite to suit"?

The Legislature has specified that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034. We must decide whether compliance with the 180-day statute of limitations is a "statutory prerequisite to suit." The Court concludes that it is; I disagree, for the reasons outlined below.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 54.014(a)(8).

[2] *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007) ("Texas appellate courts have jurisdiction only over final orders or judgment unless a statute permits an interlocutory appeal.").

2

But to place this discussion in the proper context, we must examine another question. Prairie View insists that regardless of whether a timely complaint is a "statutory prerequisite," compliance with the 180-day limitations period is nonetheless jurisdictional. That is, the failure to file a timely administrative complaint strips the trial court of jurisdiction over this case. Because the Court would be required to confront that assertion if it accepted my analysis of the prerequisite issue, I turn to it first.

**A.**  ***Schroeder*'s statement about the Texas Commission on Human Rights Act's 180-day limitations period, inessential to the holding, cannot survive *Dubai* and other cases.**

We have previously addressed whether the Act requires exhaustion of administrative remedies before filing suit. *See Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex. 1991). Without first filing a complaint with the Texas Commission on Human Rights, Schroeder sued his former employer for age discrimination. We held that "exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of [the Act]." *Id*. at 488. Even though the Act did not explicitly require exhaustion, we thought a fair reading of various statutory provisions implicitly required claimants to present their complaints to the Commission before filing suit. We held that because our statute does not provide an unconditional private right of action, Schroeder's failure to file a complaint with the Commission created a jurisdictional bar to his age discrimination claim. *Id*. Earlier in the opinion, when outlining the statutory scheme, we noted that discrimination complaints had to be filed with the Commission within 180 days after the alleged practice occurred. Citing only a 1988 no writ decision, we stated that "[t]his time limit has been held to be mandatory and jurisdictional." *Id*. at 486 (citing *Green v. Aluminum Co. of Am.*, 760 S.W.2d

3

378, 380 (Tex. App.—Austin 1988, no writ)). We did not mention a United States Supreme Court case decided nine years earlier, which held that Title VII's corresponding 180-day time limit was "not a jurisdictional prerequisite to suit" but a statute of limitations—that is, mandatory but not jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that "[t]he structure of Title VII, the congressional policy underlying it, and the reasoning of our cases all lead to this conclusion").[3] We then commented, again citing only *Green*, that the one-year limitation period for filing suit was "also mandatory and jurisdictional." *Schroeder*, 813 S.W.2d at 487 n.10. Neither of these time limits was at issue in the case, as Schroeder had not filed a complaint with the Commission.

Five years later, in a per curiam opinion, we held that the plaintiff's claim was time-barred because she filed it more than 180 days after the purported discrimination occurred. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490 (Tex. 1996) (per curiam). Perhaps reflecting our own "less than meticulous"[4] approach to jurisdiction, we rendered judgment in the petitioners' favor, rather than dismissing the case, despite our reiteration that the 180-day time limit was "mandatory and jurisdictional." *Id*. at 492 (citing *Schroeder*, 813 S.W.2d at 485-86).

The new millennium brought a sea change. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000), overhauled our approach to jurisdiction, reversing a number of decisions touting the old regime. It identified the problems with classifying a statutory mandate as "jurisdictional" and

---

[3] *Zipes* settled the confusion caused in part by the Supreme Court's previous characterization of the 180-day time limit as "jurisdictional." *See, e.g., Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974).

[4] *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004).

4

held that, although our older cases represented the dominant approach when they were decided, "'the modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction.'" *Id*. at 76 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 11 cmt. e at 113 (1982)). We overruled *Mingus v. Wadley*, 285 S.W. 1084 (Tex. 1926), "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Id*. Instead, we held that "'[t]he right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.'" *Id*. at 76-77 (quoting 21 C.J.S. *Courts* § 16, at 23 (1990)).

After *Dubai*, we held that the Payday Law's 180-day time limit for filing an administrative complaint is mandatory but not jurisdictional. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78 (Tex. 2008), *superseded by statute*, TEX. LAB. CODE § 61.051(c). We relied on the statute's text, which "establishe[d] a procedural bar similar to a statute of limitations and does not prescribe the boundaries of jurisdiction," and reviewed our evolution of thought about the contours of jurisdiction. *Id*. at 83-84 (citing *Dubai*, 12 S.W.3d at 76). We also looked to *Zipes* and discussed the U.S. Supreme Court's distinction between "'a rule governing subject matter jurisdiction and an inflexible claim-processing rule.'" *Id*. at 85 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)). Ultimately, we concluded that "the Legislature . . . created the 180-day filing limitations period as a mandatory

condition to pursuing the administrative causes of action and not as a bar to . . . jurisdiction." *Id*. at

86. We observed:

> Although in the past we have described a statutory time limitation in the Commission
> on Human Rights Act as 'mandatory and jurisdictional,' those cases predate *Dubai*
> and dealt with a different statutory scheme than presented here. *See Johnson &
> Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 929 (Tex. 1996); *Specialty Retailers
> v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder v. Tex. Iron Works*,
> 813 S.W.2d 483, 486 (Tex. 1991).

*Id*. at 83-84 n.5.

We recently overruled *Schroeder* to the extent it held that the Act's two-year deadline[5] for

filing suit was jurisdictional. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010).

Commenting on our "sometimes intemperate" use of the term, we observed that our courts of appeals

have questioned whether *Schroeder* remained the law after *Dubai*. *Id.* at 306.[6] We also noted that

*Green*, the only authority cited in *Schroeder*, in turn relied on *Mingus v. Wadley*, 285 S.W. 1084

(Tex. 1926), which *Dubai* overruled. *Id*.

We then examined *Schroeder*'s statement about the two-year deadline for filing suit. The

provision that we considered, Labor Code section 21.256, was titled "Statute of Limitations," which

gave some indication of the Legislature's intent. *Id*. at 307-08. Although the statute stated that an

action "may not be brought" after two years, that language made the provision mandatory but not

necessarily jurisdictional. Moreover, our procedural rules and our cases classify limitations as an

---

[5] In 1993, the Legislature changed the limitations period from one to two years. Act of May 14, 1993, 73rd Leg.
R.S., ch. 276, § 7, 1993 Tex. Gen. Laws 1285, 1291 (amending TEX. REV. CIV. STAT. art. 5221k, § 7.01(a)) (now
codified at TEX. LAB. CODE § 21.256).

[6] *See also Ramirez v. DRC Distribs, Ltd.*, 216 S.W.3d 917, 921 n. 8 (Tex. App.—Corpus Christi 2007, pet.
denied) (collecting cases).

6

affirmative defense.  *Id*.  The statute was enacted to "'provide for the execution of the policies of Title VII.'"  *Id*. at 308 (quoting TEX. LAB. CODE § 21.001(1)).  Thus, "'analogous federal statutes and the cases interpreting them guide our reading of the [Act].'"  *Id*. (quoting *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001)).  The U.S. Supreme Court has consistently construed Title VII's requirements as mandatory but not jurisdictional, and although that Court had not considered whether the two-year deadline for filing suit under Title VII was jurisdictional, every federal circuit to have considered the issue held that it was.  *Id*. at 308-09 (collecting cases).

We then considered the consequences that resulted from each interpretation.  Because a judgment is void if rendered by a court without subject matter jurisdiction, a trial court's denial of a summary judgment based on the failure to satisfy the Act's requirements would forever be open to reconsideration.  "Conversely, those courts that granted such motions would have had no power to do so, nor would appellate courts have had the power to affirm [them].  *Id*. at 309-10 (collecting cases).  We concluded:

> In keeping with the statute's language, *Dubai* and subsequent cases, as well as the purposes behind TCHRA and federal interpretations of Title VII, we conclude that the two-year period for filing suit is mandatory but not jurisdictional, and we overrule *Schroeder* to the extent it held otherwise.

*Id*. at 310.  Because the precise question was not before us, we did not consider whether *Schroeder*'s statement that the 180-day time limit is jurisdictional survived *Dubai*.

Today, I would put the final nail in *Schroeder*'s statute-of-limitations coffin.  *Schroeder* requires exhaustion of administrative remedies before filing suit, but its stray statements regarding filing deadlines are without basis in the statute's text, and are inconsistent with *Dubai* and U.S.

7

Supreme Court precedent. We have already overruled one of those statements. It is time to dispense with the second.

The case for doing so is even stronger today than it was when we decided *In re USAA*. First, there is U.S. Supreme Court precedent squarely on point. *See Zipes*, 455 U.S. at 393 (holding that filing a complaint within Title VII's 180-day time limit is "not a jurisdictional prerequisite to suit"). As that Court recently recognized, "[f]iling deadlines . . . are quintessential claim-processing rules" that should not be described as jurisdictional. *Henderson v. Shinseki*, 131 S.Ct. 1197, 1203 (2011). Our Act was modeled on Title VII and enacted to provide for the execution of its policies,[7] and the two statutes are virtually identical on this point.[8] Although *Zipes* interepreted the federal act and does not control the outcome here, its analysis is sound.

Second, the Act itself supports such a reading. We presume the Legislature did not intend to make the provision jurisdictional, and its text does not command the contrary. *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009). The applicable provision is titled "Statute of Limitations." TEX. LAB. CODE § 21.202. The statute's penalty for noncompliance—the *Commission* must dismiss an untimely complaint—does not speak to a *court*'s jurisdiction over a discrimination claim based on that complaint. *See Henderson*, 131 S.Ct. at 1202 (holding that "a rule should not be referred to as jurisdictional unless it governs a *court's* adjudicatory capacity, that is, its subject-matter or

---

[7] TEX. LAB. CODE § 21.001(1) (stating that its purpose is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments").

[8] *Compare* 42 U.S.C. 2000e-5(e) (2010)("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred.") *with* TEX. LAB. CODE § 21.202(a) ("A complaint under this subchapter must be filed not later than the 180th day after the alleged unlawful employment practice occurred.").

personal jurisdiction") (emphasis added); *cf. Zipes*, 455 U.S. at 394 (noting that the limitations provision "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the *district courts*") (emphasis added); *State v. Lueck*, 290 S.W.3d 876, 883 n.1 (Tex. 2009) (distinguishing between an administrative agency's jurisdiction and a court's "jurisdiction in a case where the State asserts a plea to the jurisdiction, claiming that its sovereign immunity is not waived"). The same is true under federal law, as the EEOC must dismiss untimely charges under Title VII.[9] *Compare* 29 C.F.R. 1601.18(a) ("Where a charge . . . is not timely filed . . . the Commission shall dismiss the charge."), *with* TEX. LAB. CODE § 21.202(b) ("The commission shall dismiss an untimely complaint."); *see also, e.g., Bradshaw v. City of Gulfport*, 427 F. App'x 386 (5th Cir. 2011) ("The EEOC dismissed the charge as untimely and issued a right to sue letter . . ..."); *Simotas v. Kelsey-Seybold*, 211 F. App'x 273, 274 (5th Cir. 2006) ("The EEOC dismissed the charge as untimely and issued a notice of right to sue."); *Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 603 (7th Cir. 1992) (same); *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1213 (5th Cir. 1992) (same). This requirement did not lead the U.S. Supreme Court to conclude that Title VII's time limit was jurisdictional, and it should not drive our analysis.

Third, *Green*, the only authority we relied on in *Schroeder*, was effectively overruled in *Dubai*, prompting us to overrule *Schroeder* to that extent. Now that the question is directly before

---

[9] Federal regulations "have the force and effect of law" and are probative of Congressional intent. *Century Marine, Inc. v. United States*, 153 F.3d 225 (5th Cir. 1998); *see also Hillsborough County v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712-713 (1985) ("We have held repeatedly that state laws can be pre-empted by federal regulations as well as by federal statutes.").

us, it would be incongruous to affirm *Schroeder's* now-antiquated conception of the 180-day period as jurisdictional.

Finally, as we previously recognized, judgments issued by courts without jurisdiction are void, meaning that long dormant cases could now be subject to attack. *In re United Servs. Auto. Ass'n*, 307 S.W.3d at 310. If the Act's administrative limitations period were jurisdictional, Texas would diverge starkly from federal law (and the decisions of many states)[10] on this essential issue. For example, the continuing violation doctrine—an equitable exception to the limitations period[11] (and one Chatha relies on in this case)—would no longer be applicable under Texas law, while it would remain viable under Title VII. *See, e.g., Zipes*, 455 U.S. at 393 (holding that "a timely charge of discrimination . . . is not a jurisdictional prerequisite to suit, . . . but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling).

We need not revisit *Schroeder*'s holding that the failure to exhaust administrative remedies deprives a court of jurisdiction over a subsequent suit. That question is not before us, and there is no Supreme Court precedent on point. Although every federal circuit court of appeals follows

---

[10] *See, e.g., Kyles v. Contractors/Eng'rs Supply, Inc.*, 949 P.2d 63 (Ariz. Ct. App. 1997) (holding that timely administrative filing requirement was not jurisdictional but a statute of limitations subject to waiver and equitable tolling); *Williams v. Comm'n on Human Rights & Opportunities*, 777 A.2d 645 (Conn. 2001) (same); *Green v. Burger King Corp.*, 728 So.2d 369, 371-72 (Fla. Dist. Ct. App. 1999) (same); *Bryant v. City of Blackfoot*, 48 P.3d 636 (Idaho 2001) (same); *Christo v. Edward G. Boyle Ins. Agency, Inc.*, 525 N.E.2d 643 (Mass. 1988) (same); *BNSF Ry. Co. v. Cringle*, 247 P.3d 706 (Mont. 2010) (same); *City of N. Las Vegas v. Nev. Local Gov't Emp-Mgmt. Relations Bd.*, 261 P.3d 1071 (Nev. 2011) (same); *Ocana v. Am. Furniture Co.*, 91 P.3d 58 (N.M. 2004) (same); *Johnson v. Newport Cnty. Chapter for Retarded Citizens, Inc.*, 799 A.2d 289 (R.I. 2002) (same); *Douchette v. Bethel Sch. Dist. No. 403*, 818 P.2d 1362 (Wash. 1991) (same); *Indep. Fire Co. No. 1 v. W. Va. Human Rights Comm'n*, 376 S.E.2d 612 (W. Va. 1988) (same).

[11] *See, e.g., Glass v. Petro-Tex. Chem. Corp.*, 757 F.2d 1554, 1560-61 (5th Cir. 1985) ("The core idea [of the continuing violations theory] . . . is that '[e]quitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge . . . are or should be apparent to a reasonably prudent person similarly situated.'") (citation omitted).

10

*Zipes*,[12] there is a split (even among panels of the Fifth Circuit) about whether the total failure to file an administrative complaint is a jurisdictional defect.[13] But the answer in today's case is clear. Based on the statute's text, *Dubai* and U.S. Supreme Court caselaw, as well as chapter 21's explicit goal to execute Title VII's policies, I would hold that the 180-day statute of limitations is mandatory but not jurisdictional, and I would overrule *Schroeder* to the extent it holds otherwise. In the relatively near future, a case will arrive in which one side will urge that we apply the *Schroeder* language characterizing the 180-day statute of limitations period as jurisdictional. I hope the Court will take that opportunity to reject that invitation. *See* Charles Evan Hughes, Lecture delivered as

---

[12] *See, e.g., Vera v. McHugh*, 622 F.3d 17, 29-30 (1st Cir. 2010); *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009); *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) ("Timely filing may be a condition to success, but it is not a jurisdictional requirement in federal court."); *Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006); *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003); *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002); *Draper v. Coeur Rochester*, 147 F.3d 1104, 1107 (9th Cir. 1998); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1103 n.32 (11th Cir. 1996); *Schafer v. Bd. of Public Educ.*, 903 F.2d 243, 251 (3d Cir. 1990); *Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 440 (5th Cir. 1986); *Greene v. Whirlpool Corp.*, 708 F.2d 128, 130 (4th Cir. 1983). Although *Zipes* involved two private parties, every federal circuit court of appeals has also held that the administrative time limits are not jurisdictional prerequisites in Title VII actions brought by federal employees. JOHN L. SOBIESKI, JR. & JOSEPH G. COOK, CIVIL RIGHTS ACTIONS ¶ 21.18[B][1][a] (2012); *see also, e.g., Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 439-40 (5th Cir. 1986) (holding that filing deadlines "are in the nature of statutes of limitations which are subject to waiver, estoppel, and equitable tolling," and "[l]ack of timely notification [to the appropriate administrative authority]. . . does not deprive the court of subject matter jurisdiction.").

[13] *See, e.g., Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (holding that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim."); *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (noting that under *Zipes*, filing deadlines are not jurisdictional, but "[t]here is a disagreement in this circuit on whether a Title VII prerequisite, such as exhaustion, is merely a prerequisite to suit . . . or whether it is a requirement that implicates subject matter jurisdiction"); *Terry v. Ashcroft*, 336 F.3d 128, 150 (2d Cir. 2003) ("The requirement that a claim be first raised with the EEO office, however, is not a jurisdictional one."); *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, we have held that the district court does not have subject matter jurisdiction."); *Jones v. Runyon*, 91 F.3d 1398, 1399-1400 n.1 (10th Cir. 1996)("[E]ven after *Zipes* our court has referred to the requirement of an EEOC filing (as opposed to a mere requirement of a *timely* filing) as a jurisdictional requirement."); *Bullard v. Sercon Corp.*, 846 F.2d 463, 468 (7th Cir. 1988) (noting that "Title VII's requirement that the plaintiff exhaust the administrative remedies provided by the statute is jurisdictional" and distinguishing between a plaintiff who files an untimely charge and one who files no charge); *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1005 (11th Cir. 1982) ("[T]he filing of an EEOC charge is not a jurisdictional prerequisite" to a Title VII suit in federal court.).

part of the Columbia Lecture Series (1927), *in* THE SUPREME COURT OF THE UNITED STATES: ITS FOUNDATIONS, METHODS, AND ACHIEVEMENTS 68 (1928) (noting that a dissenting opinion is "an appeal . . . to the intelligence of a future day").

**B.      The 180-day administrative limitations period is not a "statutory prerequisite to suit."**

The opportunity to correct *Schroeder* exists today, but for the Court's inclination to conclude that the 180-day time limit is a "statutory prerequisite to suit," which the Legislature has made jurisdictional in cases involving governmental entities. TEX. GOV'T CODE § 311.034. In defining that term, the Court holds that it applies to "a statutory requirement commanding action before filing suit." ___ S.W.3d at ___. The Court reaches this conclusion by relying heavily on the Legislature's reaction to our prior decisions. But we do not construe statutes to avoid a future legislature's potential disagreement with the outcome; we interpret the statute as it currently exists. *See Massachusetts v. EPA*, 549 U.S. 497, 530 (2007); *Rowan Oil Co. v. Tex. Employment Comm'n*, 263 S.W.2d 140, 144 (Tex. 1953) (observing that "neither does one session of the Legislature have the power to construe the Acts or declare the intent of a past session").

Our presumption that a provision is not jurisdictional is overcome only by clear legislative intent to the contrary. *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009). Thus, if a requirement is not "*specifically mandate[d] . . . as a prerequisite to suit or appeal*," it is not jurisdictional. *Id*. at 396 (emphasis added). We held in *Schroeder* that a party must file a complaint with the Commission before filing suit, but we did not conclude that only a *timely* filing satisfied that requirement. The complainant in that case failed to file *any* administrative complaint, and we determined that his suit was thus jurisdictionally barred. *Schroeder*, 813 S.W.2d at 488.

12

By contrast, this case involves a statute of limitations, which our procedural rules and cases classify as an affirmative defense—not a prerequisite to suit.[14] A prerequisite is something *required* beforehand,[15] and complying with the limitations period does not qualify. A claimant may sue even if her claims are barred by limitations. *Cf. City of DeSoto v. White*, 288 S.W.3d 389 (Tex. 2009) (holding that notice requirement was "not a statutory prerequisite to suit" because although "the statute requires notice, . . . it does not specifically mandate it as a prerequisite to suit or appeal").

If an administrative complaint is late, the Commission must dismiss it. TEX. LAB. CODE § 21.202(b). The complainant may then request a "right to sue" letter, and within sixty days of receiving that letter, the complainant "may bring a civil action against the respondent." *Id*. §§ 21.252, .254;[16] 40 TEX. ADMIN. CODE §§ 819.46(b), (c), 819.50. So while filing *a* complaint with

[14] TEX. R. CIV. P. 94; *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (recognizing that limitations is an affirmative defense)*; In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001) (noting that our procedural rules have the force and effect of statutes); *see also*, *e.g.*, *Hitchcock Indep. Sch. Dist. v. Walker*, No. 01-10-00669-CV, 2010 Tex. App. LEXIS 9941, at *18 (Tex. App.—Houston Dec. 16, 2010, no pet.) (holding that Whistleblower Act's 90-day limitations period for suing governmental entity was mandatory but not jurisdictional); *Dallas County v. Hughes*, 189 S.W.3d 886, 888 (Tex. App.–Dallas 2006, pet. denied) (observing that prerequisite is something required beforehand and holding that limitations period is not a "prerequisite" for purposes of Government Code section 311.034).

[15] WEBSTER'S THIRD NEW INT'L DICTIONARY 1791.

[16] In the codification of section 21.252(a), the word "not," which, in the section's source law originally appeared before the word "resolved," was moved to precede the word "dismissed." The final iteration of the source law was repealed in 1993. Article 5221k, section 7.01(a) of the law stated that "[i]f the complaint . . is dismissed . . . or is *not* resolved . . . the commission shall so inform the complainant." (emphasis added) (derived from Commission on Human Rights Act, 68th Leg., 1 C.S., ch. 7,§ 7.01, 52-53(1983)). Without reference to the repealed law, section 7.01(a) was amended and is now codified in section 21.252(a), which states that if "the complaint is *not* dismissed or resolved" then the complainant is entitled to a written notice of the right to file a civil action. TEX. LAB. CODE § 21.252(a) (emphasis added). Because this codification intended no substantive change, the rearrangement appears unintentional, and the Administrative Code confirms this. 40 TEX. ADMIN. CODE § 819.46(a), (c) (providing that the CRD director may dismiss an untimely complaint and shall notify the complainant of the right to file a civil action). In any event, the right-to-sue letter is not a mandatory prerequisite to suit. *See* TEX. LAB. CODE § 21.252 (d) ("Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent."); 40 TEX. ADMIN. CODE § 819.51 (same).

the Commission is a statutory prerequisite to suit,[17] meeting the 180-day statute of limitations is not. As the U.S. Supreme Court recently concluded, Title VII's 180-day time limit makes no reference to the concept of exhaustion and is not "in any sense an exhaustion provision." *Woodford v. Ngo*, 548 U.S. 81, 98-99 (2006).

We also consider the consequences of a particular construction. *In re USAA*, 307 S.W.3d at 309. There are procedural implications to calling something jurisdictional. In Texas state court, governmental entities may immediately appeal the denial of a jurisdictional plea. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). This may reduce time and money spent in litigation, furthering immunity's goal of protecting the public fisc. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 375 (Tex. 2009). That may have been the Legislature's motivation in classifying statutory prerequisites to suit as jurisdictional. But there are "drastic" substantive ramifications too, and those are the most troubling. *Henderson*, 131 S.Ct. at 1202. Courts are stripped of the power to adjudicate the claim, and equitable defenses to limitations are no longer available. *Cf. Zipes*, 455 U.S. at 393 (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit, . . . but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling).

This is particularly concerning because our statute is based on Title VII. Under the Texas Act, equitable defenses may now be urged against private employers but not governmental ones. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001) (holding that, in determining

---

[17] *See Schroeder*, 813 S.W.2d at 488 (concluding that "exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the [Act]").

14

jurisdiction bars, a court must consider the consequences that result from each interpretation). By contrast, under Title VII, equitable defenses would apply regardless of the defendant's identity.[18] Because the Legislature intended the Act to execute Title VII's policies,[19] and because there is no "clear legislative intent"[20] that the provision is a statutory prerequisite to suit, I would not impose such a dichotomy. I would hold that the 180-day limitations period is not a statutory prerequisite to suit but an affirmative defense that may be urged after suit is filed. Accordingly, it is not jurisdictional in cases involving governmental entities.

## II.    Conclusion

*Zipes* held that the 180-day administrative limitations period was not jurisdictional. Today, the Court holds that, at least for government employers, it is. This creates innumerable problems, not the least of which are the elimination of equitable defenses and a divergence between the Act and the statute it was enacted to promote. This conflict is unnecessary, compelled neither by our statutes nor our cases. Because we presume a statute is not jurisdictional, because suit may be filed even if

---

[18] Section 311.034 is part of the Code Construction Act, which does not apply to federal statutes. *See* TEX. GOV'T CODE § 311.002.

[19] TEX. LAB. CODE § 21.001(1).

[20] *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009).

an administrative complaint was untimely, and because we construe the Act to effectuate Title VII's policies, I would hold that the 180-day period, while mandatory, is not a statutory prerequisite to suit. Because the Court concludes otherwise, I respectfully dissent.

_____
Wallace B. Jefferson,
Chief Justice

**OPINION DELIVERED:** August 31, 2012